RICHARD SMITH *v.* NATIONWIDE MUTUAL INSURANCE COMPANY

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 11-671-2610

Argued July 29—decided September 20, 1968

*Atherton B. Ryan,* of Vernon, for the appellant (defendant).

*Charles S. Tarpinian,* of Willimantic, for the appellee (plaintiff).

WISE, J. In this action the plaintiff seeks to recover, under the medical payments provision of an automobile insurance policy issued by the defendant to Strawdy Calvin Tilley, for the payment of medical and hospital expenses incurred as a result of bodily injury sustained by the plaintiff while a passenger in Tilley's automobile. The plaintiff's father, Bertie Smith, is acting as parent and next friend of the plaintiff, a child. It is not in dispute that the plaintiff qualifies under part 1 (a) of the medical payments provision of this policy.

The defendant has made an extensive attack on the finding of the court. Error is assigned in the court's failure to delete certain paragraphs of the finding, in its failure to add paragraphs to the finding, and in its conclusions. The thrust of the defendant's attack is to have its version of the facts substituted for those found by the court. The refusal of the court to do so is no ground for appeal. *Fagan* v. *Fagan,* 131 Conn. 688, 689; *Savings Bank of New London* v. *Santaniello,* 130 Conn. 206, 213.

We have examined the evidence certified to us in connection with the assignments of error, and while the finding is subject to correction in some respects it is not subject to correction in any material respect. An attempt completely to change a finding made, as here, on conflicting evidence is futile. *Baker* v. *Kerrigan,* 149 Conn. 596, 598; *Krupa* v. *Farmington River Power Co.,* 147 Conn. 153, 157. The testimony of a witness to a fact without direct contradiction is not of itself sufficient to make a fact admitted or undisputed. *Mercier* v. *American Refractories & Crucible Corporation,* 151 Conn. 559, 560. We cannot retry the facts or pass on the credibility of witnesses. The question of credibility is

for the trier. *Taylor* v. *Taylor,* 154 Conn. 340, 341; *Solari* v. *Seperak,* 154 Conn. 179, 183; *Morrone* v. *Jose,* 153 Conn. 275, 277; *Jarrett* v. *Jarrett,* 151 Conn. 180, 181.

The finding, which is not subject to any material correction, reveals these facts: On December 4, 1962, the defendant issued an automobile insurance policy to Tilley for the period ending June 4, 1963, for a total premium of $30.80. Although the policy did not provide for instalment payments of the premium, Tilley made a down payment at the inception and agreed with the defendant's agent to pay the balance of the premium in two instalments of $12.32 each, the first instalment to be paid on January 19, 1963. The policy included a provision for "Automobile Medical Payments" coverage. It is not in dispute that the plaintiff qualifies under part 1 (a) of this coverage up to its maximum of $500. On February 12, 1963, the plaintiff, while a passenger in Tilley's automobile, sustained bodily injury as a result of an accident. The medical and hospital expenses exceeded the maximum coverage. The plaintiff gave the defendant the necessary notice of his loss. The policy contained a cancelation clause providing in part as follows: "The Company may cancel this policy or any coverage herein in accordance with the terms hereof by mailing to the Policyholder . . . , at the address stated in this policy, a written notice stating when not less than 10 days thereafter such cancellation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice . . . ." The defendant refused payment on the ground that the policy had been canceled for nonpayment of premium prior to the date of the accident.

We point out that statements characterizing the testimony of witnesses or their credibility are improper in a finding. Maltbie, Conn. App. Proc. § 134.

No harmful error, however, can be attributed to such an inclusion, since it is the privilege of the trier to adopt whatever testimony it reasonably believes to be credible. We do not, as urged by the defendant, interpret paragraph 21 of the finding to mean that it "can only be used by the plaintiff or the court to raise the question of waiver by the defendant." Nowhere is "waiver" mentioned, and, moreover, waiver was not pleaded.

The appeal presents the sole question whether the trial court was justified in its conclusion that the defendant failed effectively to cancel Tilley's policy prior to the date of the accident. "The conclusions which the court has reached are to be tested by the facts as found and must stand unless they are legally or logically inconsistent with those facts or unless they involve the application of some erroneous rule of law material to the case." *Yale University* v. *Benneson,* 147 Conn. 254, 255; *Kielb* v. *Weinberg Realty Corporation,* 147 Conn. 677, 680.

In its brief and argument on appeal, the defendant claims it was not necessary for Tilley to have received actual notice of the cancelation. We agree with this contention. "It is always competent for parties to contract as to how notice shall be given, unless their contract is in conflict with law or public policy. When they do so contract, the giving of a notice by the method contracted for is sufficient whether it results in actual notice or not." *Westmoreland* v. *General Accident Fire & Liability Assurance Corporation,* 144 Conn. 265, 270. By the terms of the cancelation clause in the policy in question, mailing to the policyholder a written notice of cancelation is sufficient proof of notice. But, in this case, the court found on conflicting evidence that the defendant failed to sustain its burden of proof that a written notice of cancelation was mailed to the

insured, and found as a fact and concluded that "no notice of cancellation of the policy was mailed to the insured prior to the day of the accident" and that "the policy of insurance was in effect on February 12, 1963, the day of the accident." These findings and conclusions are fatal to the defendant's defense. This is not in conflict with the *Westmoreland* case, supra. In that case, the trial court apparently rested its decision on the ground that the policy required the defendant to use reasonable diligence to get actual notice of cancelation to the plaintiff. This was erroneous, since the policy merely required the mailing of the notice. In the case at bar, the court rested its decision on the ground that a notice of cancelation was never sent to the insured.

The court's conclusions are legally and logically supported by the subordinate facts found.

There is no error.

In this opinion KOSICKI and MACDONALD, Js., concurred.