LLOYD CUTSUMPAS ET AL. *v.* THE CONNECTICUT LIGHT AND POWER COMPANY
(6053)

DUPONT, C. J., SPALLONE and FOTI, Js.

Argued May 5—decision released September 6, 1988

*Kevin M. Doyle,* for the appellant (defendant).

*Edward J. Gallagher,* for the appellees (plaintiffs).

SPALLONE, J. The defendant appeals from the judgment rendered for the plaintiffs, after a trial to the court, wherein the court found for the plaintiffs on the issues of negligence and fraudulent concealment.

The trial court found the following facts. In June, 1964, certain real estate consisting of a three story building and surrounding land located at 148 Deer Hill Avenue in Danbury was owned by Benjamin Sachner, a dentist. Sachner maintained an office for his dentistry practice on the first floor and resided with his family on the second and third floors.

At that time, the Tamarack Construction Company (Tamarack), acting as agent for the defendant, the Connecticut Light and Power Company (CL&P), was engaged in the installation of an underground gas line. In the course of that installation, Tamarack excavated in the vicinity of a clay sewer pipe which serviced Sachner's premises, installed the gas line and then filled in the excavation. Approximately six months later, in January, 1965, the plaintiffs, Francis J. Collins and

Lloyd Cutsumpas, purchased 148 Deer Hill Avenue from Sachner and converted the premises into their law offices.

The plaintiffs experienced no problems with the sewer line until 1975. On several occasions during the years 1975 to 1978, blockages occurred which required the services of a plumber, who corrected the problems as they arose. In 1984, a blockage in the sewer line developed which could not be easily eliminated. The plaintiffs first attempted to check the sewer line with a "snake" or a "rooter," but this proved unsuccessful. A company was hired to dig out the sewer line from the plaintiffs' building to the street to ascertain the difficulty. When that portion of the sewer pipe at the intersection of George Street and Deer Hill Avenue was uncovered, the workers discovered a gaping hole in the pipe where one section had caved in and was clogging the line. It also was discovered that the collapsed section was not part of the original clay pipe but had been a "patch" made with sheet metal and concrete. This patched area of pipe was in close proximity to a perpendicular gas line. The plaintiffs eliminated the blockage, repaired the sewer pipe, filled in the excavation and replaced the asphalt on the affected portion of George Street.

In order to recover the costs of repair, the plaintiffs brought suit against CL&P, alleging that Tamarack, acting as an agent for CL&P, "negligently damaged the plaintiffs' sewer line" when installing the gas line in 1964 and, "due to the negligence of the defendant or its agents in performing the repair work to the damaged sewer line, blockage occurred in the sewer line at the point of the break and repair which resulted in damage to the plaintiffs." The plaintiffs also alleged that "[a]t the time the defendant or its agents damaged the plaintiffs' sewer line, the defendant or its agents

fraudulently concealed the existence of the damage done to the plaintiffs' sewer line, of which the plaintiffs had no knowledge until said line became totally blocked on or about March 24, 1984."

The defendant answered and by special defense pleaded that the plaintiffs' action was barred by the statute of limitations and denied that Tamarack was its agent. After a trial to the court, judgment was rendered for the plaintiffs. The court found that Tamarack was the agent for the defendant, that the defendant was negligent and that it fraudulently concealed its negligent act. The defendant now appeals from that judgment.

The defendant claims that the trial court erred (1) in not holding that the plaintiffs' action was barred by the statute of limitations, (2) in considering the plaintiffs' claim of fraudulent concealment, (3) in determining that actual knowledge of a cause of action is not an element of fraudulent concealment, (4) in basing its finding of fraudulent concealment on an allegation of negligence that was not pleaded in the complaint, and (5) in finding the issues for the plaintiff where the evidence produced at trial was insufficient to support the claims of negligence and fraudulent concealment.[1] We find error in the trial court's determination that this action was not barred by the statute of limitations and, therefore, we need not reach the remaining claims of error.

Because the allegedly negligent act complained of occurred in June, 1964, absent any unusual circumstances, the applicable statute of limitations, General Statutes § 52-584,[2] clearly had run. In their complaint,

---

[1] The defendant has not raised as an issue the trial court's finding of an agency relationship.

[2] General Statutes § 52-584 provides in relevant part: "No action to recover damages for injury to . . . real or personal property, caused by

the plaintiffs alleged that this statute of limitations was tolled by the defendant's fraudulent concealment of their cause of action.

General Statutes § 52-595 provides: "If any person, liable to an action by another, fraudulently conceals from him the existence of the cause of such action, such cause of action shall be deemed to accrue against such person so liable therefor at the time when the person entitled to sue thereon first discovers its existence." For the plaintiffs to succeed in their cause of action, they must satisfy the requirements of § 52-595 by proving fraudulent concealment.

"To establish that the [defendant] had fraudulently concealed the existence of their cause of action and so had tolled the statute of limitations, the plaintiffs had the burden of proving that the [defendant was] aware of the facts necessary to establish this cause of action; *Puro* v. *Henry,* 188 Conn. 301, 311, 449 A.2d 176 (1982); and that [it] had intentionally concealed those facts from the plaintiffs. *Zimmerer* v. *G.E. Company,* 126 F. Sup. 690, 693 (D. Conn. 1954); *Lippitt* v. *Ashley,* 89 Conn. 451, 480, 94 A. 995 (1915); see note, 'Fraudulent Concealment of a Right of Action and the Statute of Limitations,' 43 Harv. L. Rev. 471, 474 (1929); comment, 'The Application of the Doctrine of Fraudulent Concealment to Modern Federal Trade Conspiracy Cases,' 14 Conn. L. Rev. 115, 127–28 (1981). The [defendant's] actions must have been 'directed to the very point of obtaining the delay [in filing the action] of which [it] afterward [seeks] to take advantage by pleading the statute.' *Lippitt* v. *Ashley,* supra, 480; *Zimmerer* v. *G.E. Company,* supra, 693. To meet this

negligence . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of."

burden, it was not sufficient for the plaintiffs to prove merely that it was more likely than not that the [defendant] had concealed the cause of action. Instead, the plaintiffs had to prove fraudulent concealment by the more exacting standard of ' "clear, precise, and unequivocal" ' evidence; *Beckenstein* v. *Potter & Carrier, Inc.*, 191 Conn. 150, 163, 464 A.2d 18 (1983); *Puro* v. *Henry*, supra, 308; *Alaimo* v. *Royer*, 188 Conn. 36, 39, 448 A.2d 207 (1982)." *Bound Brook Assn.* v. *Norwalk*, 198 Conn. 660, 665–66, 504 A.2d 1047, cert. denied, 479 U.S. 819, 107 S. Ct. 81, 93 L. Ed. 2d 36 (1986).

The plaintiffs' evidence failed to prove the issue at the very heart of fraudulent concealment: whether the defendant, through the acts of its agent, neglected to report the damage done to the sewer pipe.[3] In June of 1964, when the negligent act was committed, Sachner was the owner of 148 Deer Hill Avenue and, therefore, was the party to whom the defendant's duty of due care was owed. If Tamarack was to report the damage it had caused to the sewer pipe, Sachner would have been a natural recipient of that report.[4] If, in fact, Tamarack fraudulently concealed its acts, it was first from the knowledge of Sachner, and then from the plaintiffs only as they assumed the legal rights of Sachner by purchasing the property in 1965. The plaintiffs offered no evidence regarding the state of knowledge of Sachner, their predecessor in interest, and this omission is fatal to their claim of fraudulent concealment.

---

[3] For purposes of this discussion, we operate under the presumption that the facts as found by the trial court were sufficient to prove that the sewer pipe was damaged by Tamarack in an act of negligence. As we do not reach the defendant's claim that the evidence was not sufficient so to prove, our presumption in no way acts as a legal conclusion of the issue.

[4] The defendant also would have been a natural recipient of that information, but the evidence at trial was inconclusive as to whether the defendant maintained records of such reports for such a period of time as has passed here.

It was not the defendant's duty to prove that Sachner *was* notified of the negligent act. That burden of proof clearly belongs to the party pleading fraudulent concealment and the proof must be clear, precise, and unequivocal. *Bound Brook Assn.* v. *Norwalk,* supra, 666. We conclude that this evidentiary gap cannot be plugged by the plaintiffs' claim that it easily can be inferred that, if he had been aware of the break, Sachner would have demanded correction. This inference does not satisfy the weighty standard required by law; rather, it is the product of speculation.

In view of the evidence and pleadings in the record, we conclude that the factual findings of the trial court and its conclusion that the plaintiffs met their burden of proof is clearly erroneous. Practice Book § 4061.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the defendant.

In this opinion the other judges concurred.