GLENN M. GOLD *v.* UNIVERSITY OF BRIDGEPORT
SCHOOL OF LAW ET AL.
(7022)

SPALLONE, O'CONNELL and FOTI, Js.

Argued March 14—decision released August 15, 1989

*Max F. Brunswick,* with whom was *Irving J. Pinsky,* for the appellant (plaintiff).

*Richard L. Albrecht,* with whom were *George Mihalakos* and, on the brief, *Mary Ann Connors,* for the appellees (defendants).

O'CONNELL, J. The plaintiff appeals from the judgment of the trial court setting aside the jury's verdict on two counts of his three count complaint. He brought this action against the defendant law school and three of its officials seeking money damages and injunctive relief.

The plaintiff, a student at the defendant University of Bridgeport School of Law, was dismissed at the completion of his first year for failing to maintain a minimum grade point average. He applied for readmission and was rejected. Thereafter, he filed this action in three counts alleging (1) fraud, (2) violation of the Home Solicitation Sales Act, and (3) breach of contract. The jury returned a verdict for the plaintiff on the first and third counts, awarding him $12,000, and for the defendants on the second count. The trial court set aside the jury's verdict on counts one and three, as against the weight of the evidence, and the plaintiff brought this appeal. We find no error.

A trial court's decision to set aside a jury verdict raises serious issues because of a litigant's constitutional right to have issues of fact and the assessment of damages determined by a jury. *Palomba* v. *Gray,* 208 Conn. 21, 25, 543 A.2d 1331 (1988); *Mather* v. *Griffin Hospital,* 207 Conn. 125, 138, 540 A.2d 666 (1988). " '[A verdict] should not [be] set aside . . . where it is apparent that there was some evidence upon which the jury might reasonably reach their conclusion, and should not refuse to set it aside where the manifest injustice of the verdict is so plain and palpable as

clearly to denote that some mistake was made by the jury in the application of legal principles, or as to justify the suspicion that they or some of them were influenced by prejudice, corruption or partiality.' " *Palomba* v. *Gray,* supra, 24; quoting *Burr* v. *Harty,* 75 Conn. 127, 129, 52 A. 724 (1902).

It is rudimentary jurisprudence that where a verdict is challenged because of insufficient evidence, the question is whether the jury could reasonably have concluded upon the facts established and inferences reasonably drawn therefrom that the plaintiff had sustained his burden of proof. *State* v. *Miller,* 202 Conn. 463, 486, 522 A.2d 249 (1987). On appeal, the evidence will be construed in the light most favorable to supporting the jury's verdict. Id. The decision to set aside a verdict, however, involves the exercise of the trial court's broad discretion, which in the absence of a clear abuse will not be disturbed. In reviewing that decision, we accord it great weight and indulge every reasonable presumption in favor of its correctness. *Palomba* v. *Gray,* supra.

### FIRST COUNT

The plaintiff alleged, in the first count of his complaint, that the law school's brochure was a substantial factor in inducing him to matriculate and that certain statements contained therein were untrue. He labeled that count "Fraud and/or Deceptive Trade Practices." On appeal, he argues that it is based on the Connecticut Unfair Trade Practices Act (CUTPA). General Statutes § 42-110b. The distinction between CUTPA and fraudulent misrepresentation is that while the plaintiff must prove reliance on an alleged fraudulent misrepresentation, reliance is not an element of a CUTPA claim.

Practice Book § 109A expressly requires that "[w]hen any claim made in a complaint . . . is grounded on

a statute, the statute shall be specifically identified by its number." The plaintiff, however, failed to identify the CUTPA statute by number. Although § 109A is "directory, rather than mandatory"; *Rowe* v. *Godou,* 209 Conn. 273, 275, 550 A.2d 1073 (1988); it is apparent that noncompliance with § 109A, in the present case, caused the trial court to treat the count as a claim of fraudulent misrepresentation and not as a CUTPA claim. This is demonstrated by an absence of a reference to the alleged CUTPA claim in the trial court's instructions to the jury. Rather, it specifically stated that "the plaintiff is seeking to recover damages for fraudulent representations which he claims the defendant made to him . . . ." The plaintiff did not take an exception to the absence of a CUTPA charge or claim it as error on appeal. Accordingly, our review of this count will be limited to common law fraudulent misrepresentation.

The elements of fraudulent misrepresentation are (1) a false representation of a statement of fact, (2) such representation was untrue and either known by the defendants to be untrue or made in careless disregard as to whether it was true or false, (3) such representation was made for the purpose of inducing the plaintiff to act upon it, and (4) the plaintiff did in fact rely upon such misrepresentation to his detriment. *Grayson* v. *Grayson,* 4 Conn. App. 275, 287, 494 A.2d 576 (1985), appeal dismissed, 202 Conn. 221, 520 A.2d 225 (1987).

The plaintiff argues in his brief that he must prove his case by only a preponderance of the evidence. This is incorrect. "It is well established that fraud must be proven by ' " 'clear, precise, and unequivocal evidence.' " ' " *Verrastro* v. *Middlesex Ins. Co.,* 207 Conn. 179, 181, 540 A.2d 693 (1988); *Bound Brook Assn.* v. *Norwalk,* 198 Conn. 660, 666, 504 A.2d 1047, cert. denied, 479 U.S. 819, 107 S. Ct. 81, 93 L. Ed. 2d 36

(1986); *Cutsumpas* v. *Connecticut Light & Power Co.*, 16 Conn. App. 108, 113, 546 A.2d 962 (1988). Thus, we must apply that standard of proof to the evidence presented.

In his statement of the case, filed with this court pursuant to Practice Book § 4065 (c),[1] the plaintiff claimed that the brochure falsely stated (1) that all faculty committees included a student representative when the committee that denied his petition for readmission did not contain such a student representative, and (2) that the law school is housed in a living-learning center in hopes that the students will be intimately involved in the educational experience when, in fact, he had an undesirable room and a requested room change was denied. He also stated that the dean who recruited him had falsely represented that a friendly interaction existed between the students and instructors, where, in fact, there was an atmosphere of fear and intimidation.

Pursuant to Practice Book § 4065 (c) and (d),[2] those are the only issues upon which the plaintiff may rely to support the jury verdict and we will restrict our analysis accordingly. Moreover, because the plaintiff failed, in the argument portion of his brief, to allude to any evidence of a misrepresentation concerning housing

---

[1] Subsection (c) of Practice Book § 4065 provides: "A STATEMENT OF THE NATURE OF THE PROCEEDINGS AND OF THE FACTS OF THE CASE. The statement of facts shall be in narrative form, and shall be supported by appropriate references to the page or pages of the record or transcript upon which the party relies. The statement of facts should not be detailed or voluminous but must be confined strictly to facts bearing upon the questions raised. An appellant may not rely upon any fact unless it is set forth in his statement of facts or is incorporated into his brief in accordance with subsection (d) hereof."

[2] Practice Book § 4065 (d) provides: "The argument, divided under appropriate headings into as many parts as there are points to be presented, with appropriate references to the statement of facts or to the page or pages of the record or transcript."

accommodations, we will not search the record, sua sponte, for such evidence. See Practice Book § 4065 (d). As a result, that issue will be discussed only in terms of his breach of contract claim.

Turning to the plaintiff's first argument concerning the omission of a student from the academic status (readmission) committee, the record shows that this was not an oversight. Rather, it was by design in order to preclude students from learning the contents of another student's file. In light of the rule that fraud will not be presumed; *Cutsumpas* v. *Connecticut Light & Power Co.*, supra, 114; and the reasonable explanation for excluding student representation on the academic status committee, there was insufficient evidence to support a claim that the defendants fraudulently misstated student representation on faculty committees in order to induce the plaintiff to enroll in the school. Furthermore, the plaintiff failed to establish that he relied on this statement when he decided to enroll. Rather, his claim appears to be the result of hindsight after he had been excluded and denied readmission.

The plaintiff's remaining claim of fraudulent misrepresentation involves alleged statements made by the dean[3] who recruited him. He claims that the dean spoke of the "friendly interaction that existed between the students and the instructors at the University of Bridgeport School of Law."

While we recognize that this is not a warranty action, we interpret the challenged statements to be more akin to mere "puffing," as opposed to fraudulent misrepresentation. See *Web Press Services Corporation* v. *New London Motors, Inc.*, 205 Conn. 479, 483, 533 A.2d 1211 (1987). Such "favorable comments by sellers with respect to their products are universally accepted and

---

[3] This dean was named as a defendant.

expected in the market place . . ." and do not give rise to liability. Id.

Moreover, the plaintiff's brief relies on only two incidents, both involving the same professor,[4] to support his claim. In the first situation, the plaintiff asserts that on one occasion the professor bombarded him with questions that culminated in a violent vocal outburst when he perceived that the plaintiff had not properly prepared for class. The second situation the plaintiff presented involved communications between the same professor and a student in the plaintiff's class who is now a practicing attorney. We acknowledge that, on the basis of that former student's testimony, there did not appear to be a pleasant relationship between him and the professor. We are not convinced, however, that the plaintiff's reliance on two isolated incidents supports his claim concerning the overall relationship between the student body and the faculty. Nor is it reasonable to conclude that the interaction between one professor and two students is evidence that the plaintiff was induced to enroll in the school by a false representation that there was "friendly interaction between the students and instructors" by a dean who knew that the true relationship was fear and intimidation.

From our review of the plaintiff's evidence, we are satisfied that the trial court correctly ruled that there was no basis upon which the jury could conclude that the plaintiff had sustained his burden of proving that he was misled or deceived by the defendants' misrepresentations concerning the law school or its teaching services.

We note that the trial court concluded that the plaintiff failed to sustain his case by a preponderance of the evidence. That standard is, of course, the incorrect

---

[4] This professor was named as a defendant.

standard of proof in a fraudulent misrepresentation case. *Verrastro* v. *Middlesex Ins. Co.,* supra. If there was insufficient evidence, however, to sustain the plaintiff's burden of proof on the lower preponderance of evidence standard, it is obvious that evidence was lacking to meet the more stringent clear, precise and unequivocal standard. We are satisfied, from our review of the evidence, that the trial court did not abuse its discretion in setting aside the verdict on the first count.

### THIRD COUNT

The third count is based on breach of a contract to rent the plaintiff a room suitable for living and studying. The gravamen of this count is that the room was not fit for living and studying due to its location directly above a library smoking room. The plaintiff claims that as a result his room was constantly filled with smoke.

The plaintiff became aware of the smoke problem immediately after moving in. Despite the claimed severity of the problem, however, he complained only to a student advisor who lived in the dormitory. He did not file a complaint with the dean of students, the dean of the law school, or with the university's housing department. Instead, he occupied the room for two semesters, the full academic year, and thus received the benefit of a rental contract from which he now seeks damages for a loss that he could have avoided by the expenditure of reasonable effort. See *West Haven Sound Development Corporation* v. *West Haven,* 201 Conn. 305, 332, 514 A.2d 734 (1986); 3 Restatement (Second), Contracts § 350, comment (b). Accordingly, we agree with the trial court's conclusion that the plaintiff failed to offer evidence to support his breach of contract claim and thus, it did not err in setting aside the jury verdict on this count.

There is no error.

In this opinion the other judges concurred.