[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: APPLICATION FOR PREJUDGMENT REMEDY
Plaintiff requests the court to issue a prejudgment remedy of attachment to secure claims against defendant. Besides rescission of a contract which grants plaintiff an option to purchase real estate and riparian rights from defendant, plaintiff seeks the return of money it paid defendant as well as damages for fraudulent misrepresentations. The court finds plaintiff has established probable cause for a restitutionary claim in the amount of $24,000.00 but concludes plaintiff has failed to establish probable cause for a claim based on fraudulent misrepresentation.
In the first count of the complaint, plaintiff alleges a I cause of action based on fraudulent misrepresentation. Plaintiff alleges defendant made misrepresentations about the status of riparian rights. "The elements of fraudulent misrepresentation are (1) a false representation of a statement of fact, (2) such representation was untrue and either known by the defendants to be untrue or made in careless disregard as to whether it was true or false, (3) such representation was made for the purpose of inducing the plaintiff to act upon it, and (4) the plaintiff did in fact rely upon such misrepresentation to his detriment." Gold v. University of Bridgeport Law School,19 Conn. App. 379, 382 (1989). At trial, plaintiff will be required to prove this claim by clear, precise and unequivocal evidence. Id. at 382. This standard is more exacting than proof by a preponderance of the evidence. At this time, plaintiff has the burden of demonstrating there is probable cause to sustain the validity of its claim. Sweet v. Sumnerbrook Mill Development Corp., 21 Conn. App. 191, 193
(1990). Fraud can not be presumed from the evidence presented to this court. The plaintiff has failed to establish probable cause for a claim based on fraudulent misrepresentation.
In the second count, plaintiff alleges a claim for rescission and restitution on the ground the contract of May 31, 1990, contains material mistakes as to the condition of the property to be transferred. "Rescission of a contract on the ground of mutual mistake may be granted in a proper case where the mistake is common to both parties and by reason of it each has done what neither intended." Buol Machine Co. v. Buckens,146 Conn. 639, 641 (1959). Plaintiff has established probable cause for rescission on the basis the parties misunderstood the CT Page 700 boundaries of defendant's riparian rights. Where rescission is appropriate, a plaintiff is entitled to a return of the benefits it has conferred on the other party to the contract. Since plaintiff has paid the defendant $24,000.00 under the contract of May 31, 1991, it has established probable cause to secure a claim for $24,000.00.
In the third count of the complaint, plaintiff alleges defendant anticipatorily breached the contract by failing to cure defects in title. The contract provides for the seller to return to buyer the option payments should the seller be unable to cure defects in title. This restitutionary claim, however, can not be a basis for consequential damages. Since the court has already found probable cause for a restitutionary claim, there is no need to evaluate the merits of the claim set forth in the third count.
Plaintiff also has a right to secure prejudgment interest. Accordingly, a prejudgment remedy of attachment may issue for $30,000.00.
THIM, JUDGE