[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTIONS FOR SUMMARY JUDGMENT
In this case the defendant denied coverage of the plaintiff claim resulting from the theft of her car. The defendant claims the policy had been cancelled for non-payment of the premium. On December 31, 1991, the plaintiff filed a motion for summary judgment as to the first count of her complaint and for summary judgment on liability only as to the third count on the ground that there is no genuine issue of material fact. On January 31, 1992, the defendant filed a memorandum in opposition. On September 22, 1992, the defendant filed a motion for summary judgment as to the plaintiff's entire complaint. Both parties submitted memoranda, together with other documentation which supported their positions, including portions of transcripts, affidavits, a copy of the automobile liability policy, a copy of the police report, and a copy of the certificate of mailing.
Summary judgment is a strictly measured remedy and is to be used with great caution and clear acknowledgment only when warranted by law. Paine Webber Jackson Curtis, Inc. v. Winters,13 Conn. App. 712, 720, 539 A.2d 595, cert. denied, 200 Conn. 803,545 A.2d 1100 (1988). A motion for summary judgment shall be rendered if the pleadings, affidavits and any other proof submitted show that CT Page 11704 there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Connecticut Practice Book section 384. See also Connelly v. Housing Authority, 213 Conn. 354,364, 567 A.2d 1212 (1990). To prove that there is no genuine issue of material fact, the moving party must make a showing that it is quite clear what the truth is, and that it excludes any real doubt as to the existence of any material fact. Fogarty v. Rashaw, 193 Conn. 442, 445, 476 A.2d 582 (1984). A material fact has been defined as a fact that will make a difference in the result of the case. Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573,578, 573 A.2d 699 (1990). In determining whether there is a material issue of fact, the court considers the evidence in the light most favorable to the nonmoving party. Connell v. Colwell,214 Conn. 242, 247, 571 A.2d 116 (1990). Once the moving party has presented supporting evidence, the opposing party must present evidence demonstrating the existence of some disputed factual issue. State v. Goggin, 208 Conn. 606, 616, 546 A.2d 250 (1988).
Where there is no genuine issue as to any material fact, the court must then decide whether the moving party is entitled to judgment as a matter of law. Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 11, 459 A.2d 115 (1983). That question is resolved by applying to the established facts the same criteria as used in determining whether a party would be entitled to a directed verdict on the same facts. United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364, 380 (1969). Connell v. Colwell, supra, 247; Connelly v. Housing Authority, supra, 364.
As to Count One
In the first count of her complaint, the plaintiff seeks a declaratory judgment that the insurance policy was in effect on December 1, 1990. Both the plaintiff and defendant have moved for summary judgment as to this count. The plaintiff argues that the defendant's cancellation of the policy was ineffective in that the defendant, Insurance Company of North America ("INA"), failed to comply with the requirements of General Statutes sec. 38a-343 and that any cancellation based upon non-payment of premium was premature.
In support of its motion for summary judgment, the defendant argues that (1) section 38a-343 is inapplicable to this case, and (2) even if sec. 38a-343 applies, that under Connecticut law there is a presumption that the plaintiff received the cancellation notice in due course of mail, and therefore, the requirements of the statute CT Page 11705 were satisfied.
Section 38a-343 provides, in relevant part, that "No notice of cancellation of policy to which section 38a-343 applies may be effective unless sent, by registered or certified mail or by mail evidenced by a certificate of mailing . . . provided that at least ten days' notice shall be given where cancellation is for nonpayment of premium. . ."[1] General Statutes section 38a-343 (a). However, section38a-343 does not apply to nonrenewal. General Statutes section38a-343 (b). The defendant argues that this is a case of nonrenewal and as such, section 38a-343 is inapplicable.
"Renewal" or "to renew" is defined as "the issuance and delivery by an insurer of a policy replacing at the end of the policy period a policy previously issued and delivered by the same insurer, or the issuance and delivery of a certificate or notice extending the term of the policy beyond its policy period or term." General Statutes section 38a-341 (2). Exhibit 1 of the Deposition of Patricia Williams contains an insurance policy covering the period from September 29, 1990 through March 29, 1991.
The defendant has admitted that it "issued a renewal policy to the plaintiff, under Policy No. B2-31-50-48-7, effective on September 29, 1990 at 12:01 A.M." (Plaintiff's Requests to Admit, Request No. 1).[2] INA cannot now assert that the instant action involves a nonrenewal of the policy. The application of section 38a-343
is not barred for the aforementioned reason.
The defendant further argues that section 38a-343 does not apply since "policy" is defined as "an automobile liability insurance policy" and the liability coverage is not at issue.
"Policy" is defined as "an automobile liability insurance policy providing among other coverage bodily injury liability. . . ." (Emphasis added.) General Statutes section 38a-341 (1). "Policy" as defined includes coverage for theft of an insured automobile. If the legislature had wanted to limit "policy" to include only the liability portions of the policy, it could have easily so stated. Therefore, "policy" as defined includes the entire policy rather than simply the liability portion as the defendant suggests. Therefore, 38a-343
applies to the instant situation, and the issue therefore is, whether the statutory requirements are satisfied.
Section 38a-343 requires that the notice of cancellation for nonpayment of premium be (1) sent by registered or certified mail or CT Page 11706 by mail evidenced by a certificate of mailing, and (2) received by the insured at least ten days prior to cancellation. "Strict compliance by an insurer with the statutory mandates and policy provisions as to notice is essential to effect a cancellation through such notice." Travelers Ins. Co. v. Hendrickson, 1 Conn. App. 409,412, 472 A.2d 356 (1984), citing DiProspero v. Nationwide Mutual Fire Ins. Co., 30 Conn. Sup. 291, 297, 311 A.2d 561 (1973). In response to the plaintiff's requests for production dated July 26, 1991, the defendant submitted a certificate of mailing evidencing that the notice of cancellation was mailed October 9, 1990. The first requirement of section 38a-343 is therefore satisfied.
The plaintiff argues that the second requirement is not satisfied in that the defendant has no proof of receipt of the notice of cancellation. "[A] cancellation notice for nonpayment of premium must actually be received by the insured before the policy is cancelled." Hernandez v. Hartford Accident Indemnity Co.,1 Conn. L. Rptr. 317, 318 (February 27, 1990, Hodgson, J.); see Johnston v. American Employers Ins. Co., 25 Conn. App. 95, 97-98, 592 A.2d 975
(1991). Although the plaintiff argues that there is no proof that she actually received the notice of cancellation, in her deposition she admitted receiving the notice of cancellation. Therefore, there is proof of actual receipt of the notice of cancellation.
In addition, the plaintiff argues that, even if there is proof of receipt of the notice of cancellation, the defendant cannot prove the actual date the plaintiff received the notice. In opposition, the defendant asserts that under Connecticut law, there is a presumption that notice was received in the due course of mail. See Piscitello v. Boscarello, 113 Conn. 128, 132, 256 A.2d 687 (1968). In support of its position, the defendant has submitted an affidavit from Paul Piccola, the manager of Consumer Affairs for the U.S. Postal Service, Hartford, Connecticut Division. (Defendant's Motion for Summary Judgment, Exhibit B.) Mr. Piccola states that "a letter mailed from North Glenn, Colorado in October of 1990 would in all probability have arrived in Trumbull, Connecticut within three days. . . ." Id. Therefore, the defendant argues that the plaintiff is presumed to have received the notice of cancellation on October 12, 1990.
Unfortunately for the defendant, the presumption of receipt is not conclusive. Piscitello, supra, 132. The defendant has admitted that the Wright Agency did not receive a copy of the notice of cancellation in its Trumbull office until October 15, 1990. (Plaintiff's Requests to Admit, Requests no. 4, 5).[3] Thus, a question CT Page 11707 of material fact exists as to the actual date the plaintiff received the notice of cancellation. Therefore, both the parties' motions for summary judgment as to the first count are denied.
As to Count Two
The second count of the plaintiff's complaint is a claim of misrepresentation. The defendant has moved for summary judgment as to the second count on the grounds that (1) the plaintiff's complaint fails to allege she suffered any damages: and (2) under Connecticut law, the statements of an agent cannot serve to vary the terms of an insurance policy.
In order to succeed in a claim for fraudulent misrepresentation, the plaintiff must establish the following elements:
 (1) a false representation of a statement of fact, (2) such representation was untrue and either known by the defendants to be untrue or made in careless disregard as to whether it was true or false, (3) such representation was made for the purpose of inducing the plaintiff to act upon it, and (4) the plaintiff did in fact rely upon such misrepresentation to his detriment.
(Citation omitted.) Gold v. University of Bridgeport School of Law,19 Conn. App. 379, 382, 562 A.2d 570 (1989). The defendant argues that the plaintiff has failed to allege that she has suffered any damages as a result of her reliance, and therefore, the second count fails to state a claim upon which relief may be granted. However, the plaintiff alleges that she has suffered damages. Paragraph 13 of the second count states that "[t]he defendant refuses to fulfill its obligations under said policy of insurance to the damage of the plaintiff." (Emphasis added.) (Plaintiff's Complaint, Second Count, para. 13.) The defendant's motion for summary judgment on the ground that the second count fails to state a claim upon which relief may be granted is denied.
In addition. the defendant argues that Insurance Department Regulations section 38-173a-8 prohibits an agent from varying the terms of an insurance policy. Section 38-175a-8 (b)(2) provides, in relevant part, that "[a] policy must contain in substance the following conditions: . . . a provision that the terms of the policy may not be waived or changed except as stated in the policy. . . ." Regulations of Connecticut State Agencies section 38-175a-8 (b) CT Page 11708 (2)(B). However, the plaintiff's claim does not attempt to change or waive the terms of the policy. The plaintiff is alleging that the defendant represented that she had insurance coverage and that in reliance on that representation, she suffered damages. (Plaintiff's Complaint, Second Count). Therefore, the defendant's motion for summary judgment as to the second count is denied.
As to the Third Count
The third count of the plaintiff's complaint is a claim for breach of contract. Both the plaintiff and the defendant have moved for summary judgment as to the third count. The defendant's arguments are the same as those under the first count, supra. The plaintiff asserts the same argument but in her memorandum in opposition, she claims that INA has waived any rights it may have had to claim cancellation. For the reasons indicated as to the motion in count one, a question of material fact exists as to when and if the policy was cancelled, and therefore, both the motions for summary judgment are denied.
As to Count Four
The fourth count of the plaintiff's compliant is a CUTPA claim pursuant to General Statutes section 42-110b et seq. The defendant has moved to dismiss on the ground that the plaintiff's claim is legally insufficient in that claims of unfair settlement practices under CUTPA require a showing of more than a single act of insurance misconduct. The plaintiff asserts no argument in opposition.
Unfair claims settlement practices are defined to include "[m]isrepresenting pertinent facts or insurance policy provisions relating to coverages at issue; . . . refusing to pay claims without conducting a reasonable investigation based upon all available information; . . . [and] failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed. . . ." General Statutes section 38a-816 (6). The plaintiff alleges in the fourth count that the defendant made "fraudulent or deceptive representations which has led the plaintiff into believing that she was insured. . . ." (Plaintiff's Complaint, Fourth Count, para. 10a). She bases her claim on unfair claims settlement practices.
"[I]solated instances of unfair insurance settlement practices are not so violative of the public policy of this state as to warrant statutory intervention." Mead v. Burns, 199 Conn. 651, 666, CT Page 11709509 A.2d 11 (1986). Thus, claims of unfair settlement practices under CUTPA require a showing of more than a single act of insurance misconduct. Id. The plaintiff's complaint only alleges one instance of unfair settlement practices. Therefore, the plaintiff's CUTPA claim is legally insufficient and the defendant's motion for summary judgment as to the fourth count is granted.
As to Count Five
The fifth count of the plaintiff's complaint is a claim for conversion. The defendant has moved for summary judgment on the grounds that the plaintiff never made a demand on the defendant for return of her vehicle and the defendant never refused to return the vehicle.
"Conversion occurs when one assumes and exercises the right of ownership over property belonging to another, without authorization and to the exclusion of the owner's rights." Plikus v. Plikus, 26 Conn. Appl. 174, 180, 599 A.2d 392 (1991), citing Falker v. Samperi, 190 Conn. 412, 419, 461 A.2d 681 (1983).
"[T]here are two `general classes' of conversion: (1) that in which possession of the allegedly converted goods is wrongful from the outset; and (2) that in which the conversion arises subsequent to an initial rightful possession." Luciani v. Stop Shop Companies,15 Conn. App. 407, 410, 544 A.2d 1238 (1988), citing Coleman v. Francis, 102 Conn. 612, 615, 129 A. 718 (1925). The second class involves claims
 "where the possession, originally rightful, becomes wrongful by (1) reason thereafter of a wrongful detention, or (2) a wrongful use of the property, or (3) the exercise of an unauthorized dominion over the property. In the last two groups of this class, the wrongful use and the unauthorized dominion, constitute the conversion; therefore no demand for the return of the personal property is required."
(Emphasis in original.) Luciani, supra 410, quoting Coleman v. Francis, supra, 616. "Demand is only required in the "detention" scenario because, by definition, a rightful possession cannot become a `detention' until a possessor fails to comply with a request to quit possession made by a rightful owner." Id. "`It is clear from the authorities that demand and refusal are necessary only where no conversion has yet taken place and evidence of conversion is CT Page 11710 required.'" Id., 412, quoting Pascack Valley Bank Trust Co. v. Ritar Ford, Inc., 6 Conn. Cir. 489, 501, 276 A.2d 800 (1970).
The defendant asserts that the instant action falls within the second class. Specifically, the defendant argues that it falls under the first group of wrongful detention. In opposition, the plaintiff asserts that the initial possession was wrongful in that the defendant tortiously misrepresented to the plaintiff that there was coverage. Additionally, the plaintiff argues that even if the initial taking was rightful that the instant action falls under the second or third group, and therefore, demand was not required.
The plaintiff admits that she authorized the defendant to take possession of her car. (Affidavit of Carol Porrata Elstein dated November 5, 1992, para. 11). Therefore, the initial taking was rightful and the instant action falls under the second class.
The plaintiff states that she only authorized the defendant to take possession of the car because INA informed her that she had coverage. Id. The defendant exercised dominion over the car even after it had determined that coverage was not available. Therefore, although the plaintiff's conversion claim may be based upon wrongful detention, it may also be based upon an unauthorized exercise of dominion. Therefore, the plaintiff is not required to prove demand and refusal and the motion for summary judgment is denied.
SANDRA V. LEHENY, JUDGE