[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
By memorandum of decision dated November 6, 1992, summary judgment was granted for the named defendant. The ruling has been reconsidered because there was no argument on the motion and the plaintiff's brief in opposition to it was not in the court file.
In the prior ruling, the court concluded that CT Page 244 Metro-North was entitled to summary judgment because this action was barred as to it because of section 1276 of the New York Public Authorities Law, which provides a one year statute of limitations for claims against Metro-North. Both the Metropolitan Transportation Authority (MTA) and Metro-North are public benefit corporations of the state of New York, created by statute. As discussed in the prior opinion, a public authority created by a state legislature is not subject to suit except to the extent that its sovereign immunity is expressly waived by statute. Section 1276(2) of the New York Public Authorities Law creates a limitation upon the right to sue the MTA and its subsidiaries, and because the statute is in derogation of sovereign immunity, it must be strictly construed. Breen v. Mortgage Com. of New York,185 N.Y. 425, 35 N.E.2d 25 (1941). A similar concept is recognized by the Connecticut courts. Struckman v. Burns,205 Conn. 542, 548; Duguay v. Hopkins, 191 Conn. 222, 228. Connecticut courts also recognize the concept that where a statute creates a cause of action which did not exist at common law, and fixes the time within which the right must be enforced, failure to commence the action within the time limit is a condition precedent to the action and is considered jurisdictional, Diamond National Corporation v. Dwelle, 164 Conn. 540, 547, and is not subject to waiver. Orticelli v. Powers, 197 Conn. 9, 15.
The plaintiff claims that since the accident occurred in Connecticut, the plaintiff is a Connecticut resident and the defendant, Metro-North, does business in this state, that the Connecticut statute of limitations for negligence actions, section 52-584 of the General Statutes, should be applied rather than the time limits under New York law.
The plaintiff relies upon the concept in O'Connor v. O'Connor, 201 Conn. 632, which adopted the contacts theory for choice of law in tort actions based on sections 6 and 145 of the Restatement (Second), Conflict of Laws. Id., 650. If that approach is used here, the plaintiff claims that Connecticut substantive law would govern the outcome of this action, since the plaintiff is a Connecticut resident, the accident occurred here and Metro-North has some contact with this state, even though it is a New York corporation. Prior to O'Connor the Connecticut courts followed the rule that the substantive rights and obligations arising out of a tort are determined by the law of the place of in jury. Gibson v. CT Page 245 Fullin, 172 Conn. 407, 411.
Connecticut law also holds that the statute of limitations is generally procedural, especially where the statute contains only a limitation as to the time with respect to a right of action and does not itself create the right of action. Champagne v. Raybestos-Manhattan, Inc.,212 Conn. 509, 525. As a result, where a tort occurs in another state involving Connecticut residents, the two year statute of limitations in section 52-584 applies because the statute of limitations is procedural. Somohano v. Somohano, 29 Conn. App. 392,393. However, where a specific time limitation is contained within a statute that creates a right of action that did not exist at common law, then the remedy exists only during the prescribed period and not thereafter; the time limitation is not treated as an ordinary statute of limitations, but rather is a limitation on the liability itself, and not of the remedy alone. Ecker v. West Hartford,205 Conn. 219, 232. See also Moore v. McNamara, 201 Conn. 16,22-23; Orticelli v. Powers, supra.
In this case, the plaintiff would ordinarily have no right to sue Metro-North, in Connecticut, New York or anywhere else, because it is a public authority created by the New York legislature which is cloaked with sovereign immunity. The New York statute creating the right to bring an action is a limited waiver of sovereign immunity, which requires an action to be brought against Metro-North within one year of the accident and not thereafter. Even if Connecticut law is applied, "[t]he courts of Connecticut have repeatedly held that, under such circumstances, the time limitation is a substantive and jurisdictional prerequisite" for the action, "and may not be waived." Ecker v. West Hartford, supra, 232. Since the statute creates liability where none formerly existed, it must be strictly construed and cannot be extended by the Connecticut courts. Id., 233. Accordingly, where a cause of action arises under the statutes of another state which not only creates the right and remedy, but imposes limitations on it, the Connecticut courts will enforce the limitation. See Morris Plan Industrial Bank v. Richards, 131 Conn. 671, 674. See also Commonwealth Fuel Co. v. McNeil, 103 Conn. 390, 405, 406; State of Maryland v. EIS Automotive Corporation, 145 F. Sup. 444
-446 (D.C. Conn. 1956). In addition, Comment e to section 142 of the Restatement (Second), Conflict of Laws recognizes CT Page 246 this exception and states that the claim cannot be maintained if barred in other states as a limitation on the right created by statute, even though a claim would not be barred by the statute of limitations of the forum. What the plaintiff argues in effect is that even though he could not maintain an action in the courts of New York, which created the right to sue and gave a limited waiver of sovereign immunity, that he should be permitted to maintain the action in Connecticut and disregard the limitations placed upon the right to sue by New York. As previously discussed that is not Connecticut law, and the facts of this case are within the recognized exception to the conflict of law rules which would otherwise allow the plaintiff to rely upon the Connecticut statute of limitations.
The plaintiff's other claim is that the defendant cannot take advantage of the statute of limitations because it hampered the plaintiff from discovering what entity controlled the railway crossing where the accident took place. An affidavit has been filed which claims that an investigator hired by the plaintiff's attorney made efforts to determine several facts including ownership of the tracks and the rail road crossing where the injury occurred. Basically, it claims that Metro-North was unresponsive to his requests for information and did not provide it in a timely manner. His inquiry started on August 8, 1990, about three weeks before the one year limitation period in the New York statute expired. The accident occurred on September 1, 1989. A counteraffidavit pointed out that Metro-North and Conrail are separate legal entities and that the only correspondence received by Metro-North was a letter from the investigator dated August 21, 1990, which was responded to on October 29, 1990.
The plaintiff's claim of estoppel is misplaced. Estoppel is a defense against a claim by another party, not an affirmative cause of action. Estoppel requires conduct by a party which is intended or calculated to induce another into believing in the existence of certain facts and to act upon that belief, and the other party must thereby actually change his position, or do some act to his injury which he would otherwise not have done. John. F. Epina Realty, Inc. v. Space Realty, Inc., 194 Conn. 71, 85. At most, the evidence produced by the plaintiff is that Metro-North was unresponsive to the last minute telephone calls and letters CT Page 247 from the plaintiff's agent. There is no indication of misleading conduct by the officials of Metro-North or that the plaintiff changed his position in any way before the statute of limitations ran in response to any misleading conduct.
Moreover, to overcome the bar of the statute of limitations, a proper claim is not estoppel but rather fraudulent concealment of a cause of action. Both at common law and under section 52-595 of the General Statutes, fraudulent concealment of a cause of action tolls the statute of limitations by providing that a fraudulently concealed cause of action accrues against a defendant when the plaintiff first discovers its existence. The plaintiff must prove that the defendant was aware of the facts necessary to establish the cause of action and that the defendant intentionally concealed those facts from the plaintiff. Bound Brook Assn. v. Norwalk, 198 Conn. 660, 665; Connell v. Colwell, 214 Conn. 242, 250. The defendant's actions must have been directed to the very point of obtaining a delay in filing the action which the defendant later seeks to take advantage of by pleading the statute of limitations. Bound Brook Assn. v. Norwalk, supra, 665, 666; Cutsumpas v. Connecticut Light Power Co., 16 Conn. App. 108, 112; Lippitt v. Ashley, 89 Conn. 451, 480. The standard of proof for fraudulent concealment is clear, precise and unequivocal evidence. sound Brook Assn. v. Norwalk, supra, 666.
The party opposing a motion for summary judgment must raise evidentiary facts or substantial evidence outside the pleadings from which it can reasonably be inferred that there is a question of material fact. State v. Goggin, 208 Conn. 606,616. The plaintiff has not produced any evidence sufficient to defeat a statute of limitations defense or to prove estoppel or fraudulent concealment of a cause of action. Metro-North is entitled to judgment as a matter of law on the statute of limitations defense for reasons discussed above and in the prior memorandum dated November 6, 1992.
After reconsideration, the court adheres to its prior ruling granting a motion for summary judgment.
Robert A. Fuller, Judge CT Page 248