[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs filed this action against the defendants, General Motors Corporation (GMC) and Century Toyota, Inc. (Century), alleging bodily injuries and property damage as the result of a collision. Century filed a cross complaint in four counts against GMC. Thereafter, GMC moved for summary judgment on all counts of the cross complaint.
The first count seeks contribution from the product seller, GMC. The second and third counts claim a right of indemnification against GMC pursuant to General Statutes,52-572m and the common law. The fourth count alleges liability for breach of warranty pursuant to General statutes, 42a-2-314. Summary judgment shall be rendered only where the moving party demonstrates that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Wilson v. New Haven, 213 Conn. 277, 279 (1989). Thus, "`the test is whether a party would be entitled to a directed verdict on the same facts.'" Connecticut Bank Trust Co. v. Carriage Lane Associates, 219 Conn. 772, 781 (1991), quoting Patrick v. Seymour, 186 Conn. 632, 647 (1982). CT Page 4793
Century alleges in the first count of its crossclaim that "the vehicle which the plaintiffs allege to be . . . defective . . . was manufactured by the defendant, General Motors corporation," and "[i]f the vehicle . . . [was] defective . . ., it was the conduct of the defendant, General Motors Corporation, that was the direct and immediate cause of the damages alleged." GMC contends that this count fails to state a valid cause of action. since the pleadings have been closed by the filing of an answer, GMC may test the legal sufficiency of the claim by a motion for summary judgment. Labieniec v. Nichols, 4 CSCR 383, 384 (April 19, 1989, Aronson, J.) citing Boucher Agency, Inc. v. Zimmer, 160 Conn. 404,409 (1971).
Although Century contends that its first count "pleads the predicate for a claim for contribution pursuant to Connecticut General Statutes 52-572o," it failed to cite any reference to52-572o as required by 109A of the Practice Book. "The allegations of the complaint provide the measure of recovery." Todd v. Glines, 271 Conn. 1, 9 (1991). The failure to cite52-572o as a basis for relief requires the court to view the claim as a common law action. See Gold v. University of Bridgeport School of Law, 19 Conn. App. 379, 381-82 (1989) (failure to specifically allege violation of CUTPA required the court to view plaintiff's claim as one sounding in common law fraudulent misrepresentation).
Even if the defendant had alleged a statutory claim for contribution pursuant to 52-572o, such a claim would be improper at this stage. Absent impleader, a claim for contribution pursuant to 52-572o may be made only after the rendering of a judgment or a discharge of liability by payment to the plaintiff. Atlantic Mutual Ins. Co. v. Ford Products Corp., 2 Conn. L. Rptr. No. 228 (August 20, 1990, Lewis, J.); Malinowski v. Friedrich Air Conditioning, 2 Conn. L. Rptr. No. 228, 229-30, August 16, 1990, Flanagan, J.). Also see, Malerba v. Cessna Aircraft, 210 Conn. 189,195 (1989) (discussing distinction between use of impleader and a claim for contribution in an independent cause of action).
The Product Liability Act is the "exclusive remedy" for claims against product sellers, Burkert v. Petrol Plus of Naugatuck, Inc., 216 Conn. 65, 73 (1990), citing Winslow v. Lewis-Shepard, Inc., 212 Conn. 462, 471 (1989). The Act defines a product seller as "any person or entity, including a manufacturer . . . who is engaged in the business of selling such CT Page 4794 products." Section 52-572m(a), General Statutes. As manufacturer of the plaintiff's vehicle, defendant GMC in the instant case qualifies as a "product seller" within the meaning of 52-572m(a). Since the first count of the crossclaim fails to allege the Act as a basis for relief, the action is barred and summary judgment must be granted as to this count.
The second and third counts of Century's crossclaim assert a right of indemnification against GMC pursuant to 52-572m and the common law. Count Two alleges that GMC retained exclusive control of the design and manufacture of the plaintiff's vehicle and, that "Century . . . was merely a conduit in the sales transactions . . . and had no reason to know that the vehicle was defective." The third count incorporates the allegations of the second count and adds that "pursuant to Connecticut General Statutes 52-572m [the PLA] . . . General Motors Corporation is liable to Century . . . for any judgment that may be rendered against Century . . . in this action. . . ."
The defendant GMC contends, correctly, that our Product Liability Act abrogated the common law claim of indemnification in cases where, as here, all potential defendants are parties to the plaintiff's action. As noted earlier, although a defendant in a product liability action can claim, by impleader, indemnification from a third party who may be liable for all or part of a plaintiff's claim, Malerba, supra, the procedural history of this case does not fall within that context.
The plaintiff's product liability action is against GMC and Century as co-defendants, therefore Century's claim for indemnification "is inconsistent with provisions of the product liability act concerning comparative responsibility, award of damages, and contribution under General Statutes 52-572o." Kyrtatas v. Stop Shop, Inc., 205 Conn. 694, 699 (1988). Also, see Hoboken Wood Flooring Corp. v. Torrington Supply Company, Inc., 5 Conn. L. Rptr. No. 9, 219 (November 19, 1991, Blue, J.) (crossclaim against a co-defendant for indemnification in a product liability action is barred by the Act). The second and third counts of the crossclaim are barred and GMC is entitled to summary judgment as a matter of law.
The fourth count of the cross complaint alleges liability against GMC for breach of implied warranty pursuant to 42a-2-314
of the General Statutes. While the Product Liability Act "is the exclusive remedy for claims against product sellers," Burkert, CT Page 4795 supra, obviously it is intended only ". . . for claims falling within its scope." Winslow, supra. Claims arising outside the scope of the Act, however, may be asserted as common law actions or pursuant to alternative statutory provisions. Burkert, supra, at 73 (the statute does not foreclose common law claims against those who are not product sellers); Mechtronics v. ECM Motors Co., United States District Court, District of Connecticut at Bridgeport, Docket No. B-90-00253 (November 20, 1990) ("claims for commercial loss fall outside the scope of the Act and therefore may be brought along with a products liability claim").
In the fourth count, Century's claim of a violation of42a-2-314 alleges that "[i]f the plaintiff's claimed damages . . . were caused by the defective nature of the automobile, . . . the General Motors Corporation is liable to Century Toyota, Inc. due to General Motors Corporation's breach of its implied warranty." Although the PLA requires that claims for commercial loss be brought under the UCC rather than the Act, the fourth count does not allege any present or past commercial loss.
Since the mere expectation of future harm does not state a valid cause of action, a claim for breach of implied warranty pursuant to 42a-2-314 must allege some presently existing or past harm. See, Standard Structural Steel v. Bethlehem Steel Corp., 597 F. Sup. 164, 187 (D. Conn. 1984); Blockhead, Inc. v. The Plastic Forming Company, Inc., 402 F. Sup. 1017, 1024 (D. Conn. 1975). The allegations of count four are, essentially, a claim for indemnification. The plain language of our Product Liability Act allows a party to allege a violation of 42a-2-314
only in cases involving actual commercial loss, a claim that is absent in this count.
The motion for summary judgment is granted as to each of the four counts of the cross complaint.
BY THE COURT
Leander C. Gray, Judge