[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
SUPPLEMENTAL MEMORANDUM OF DECISION
The orders in this case are bifurcated because a decree of dissolution was entered from the bench at trial on December 12, 1990 along with other provisions concerning the matrimonial domicile, alimony arrearage and name restoration. These orders are hereby reaffirmed. Findings were made then, and are made now, in consideration of the factors enumerated in 46b-81 and 46b-82 of the General Statutes. Thus, the court finds as follows:
 1. The cause of the breakdown was the defendant's unwarranted belief that he enjoyed unlimited authority to invest the plaintiff's money in high risk securities. In fact, this belief persisted even after the plaintiff exacted a promise from him that he would no longer do so.
 2. The defendant deceived the plaintiff into believing that he would not sell her DuPont stock, use their stock account for trading in securities or draw down their home equity line of credit without her approval.
 3. Notwithstanding, the defendant sold the plaintiff's 600 shares of DuPont, lost all of her money through extremely high risk investments and forged her signature on several checks which cumulatively exhausted a home equity loan of $135,000.
 4. The defendant induced the plaintiff to allow him to control her funds by the false representations mentioned in paragraph 2 above which are hereby found to be fraudulent by the clear, precise and unequivocal evidence offered by the plaintiff. Bound Brook Associates v. NorwaLk, 198 Conn. 660, 666.
 5. If the defendant had authority to invest the plaintiff's funds, his authority was analogous to that of a fiduciary and as such the defendant grossly breached his fiduciary duty to invest prudently.
 6. The defendant induced the plaintiff to lend his parents $20,000 which has never been repaid.
CT Page 569
 7. The plaintiff is employed at an annual salary of $29,000.
 8. The defendant has been unemployed since August though he continues to hold his securities broker's license. The defendant's annual salary when last employed was $55,000. The defendant has not made a bona fide attempt to obtain employment in his field, or in any other field except "acting" for which the defendant has no training or experience. Thus the court believes that the defendant is capable of earning at least $55,000 per year. The defendant has no assets except personal items.
The judgment may be supplemented as follows:
The defendant is ordered to pay the plaintiff the sum of $210,454 as a lump sum alimony by way of reimbursement to the plaintiff. Said sum is arrived at as follows:
$ 35,000 — Repayment of loan from grandfather after use of $20,000 gift from plaintiff's father.
 12,000 — Payment of defendant's credit card debt incurred prior to marriage.
30,000 — Repayment of defendant's margin debt.
20,000 — Repayment of loan to defendant's parents. ________ $ 97,000 TOTAL
 Of this sum the $20,000 loan to defendant's parents is found not to have been obtained fraudulently.
$ 22,000 — Balance realized from sale of 400 shares of DuPont.
52,454 — Proceeds of sale of 600 shares of DuPont.
39,000 — Amount of Home Equity line of credit dissipated by defendant.
_________ $ 113,454 TOTAL
 Of this amount the sum of $22,000 from the sale of 400 DuPont shares is found not to have been obtained fraudulently.
$210,454 GRAND TOTAL CT Page 570
This sum is ordered paid in successive semiannual installments of $10,000 on each June 30th and December 31st commencing in 1991. Any sum not so paid shall bear interest at the rate of 8% per annum until paid.
While the plaintiff makes claim to all of the personal property located in the household in partial reimbursement for assets which the defendant has dissipated, it is the court's belief that the defendant should be awarded all items which are of a strictly personal nature, such as clothes. In addition, he should be awarded those items which are appropriate to furnish a studio apartment as long as these items do not deprive the plaintiff of furnishings which were in her home and in use as of the date of trial. Thus it is ordered that this distribution be facilitated by the division of family relations within these guidelines and if this effort is unsuccessful, then the court will issue a supplemental order to effectuate this provision.
Judgment may enter in accordance with the foregoing.
MOTTOLESE, J.