[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The question presented in this case asks whether the pleading in avoidance of Connecticut General Statutes 52-595 by the plaintiff in this vehicle hit-and-run case is sufficient to defeat the defendant's motion for summary judgment based on their special defense that the case is time bound. The defendants are alleged to have wrongfully used the license plates registered to the previous owner, to have struck the plaintiff, a pedestrian and to have fled the scene. It is undisputed that the two-year tort statute of limitations has passed and that the action is not timely unless the facts pled support a finding of fraudulent concealment under 52-595.
This court concludes that the facts support the application of the fraudulent concealment doctrine, and that the statute and case law support its use in this case to deny summary judgment. In this context, the facts alleged by the plaintiff create at the very least a genuine issue of material fact, i.e., whether the defendants fraudulently concealed an essential element of CT Page 3225 the plaintiff's cause of action: the identity of the tortfeasor(s).
The defendants have moved for summary judgment based on their special defense, which alleges (and the plaintiff does not deny) that the accident sued on occurred more than two years prior to the filing of the complaint.
The plaintiff asserts that the statute should be tolled under Connecticut General Statutes 52-595 which provides:
 If any person, liable to an action by another, fraudulently conceals from him the existence of the cause of such action, such cause of action shall be deemed to accrue against such person, so liable therefor at the time when the person entitled to sue thereon first discovers its existence.
In oral argument on the motion, the defendants relied on Zimmer v. General Electric, 126 F. Sup. 690, 693 (D. Conn. 1954) for the proposition that Connecticut law requires for the invocation of the statute above quoted that the plaintiff be ignorant not only of a specific element of the cause of action but of the cause of action itself (by inference, of the injury itself).
Presumably the language of that case relied on is as follows:
Fraudulent Concealment
 The plaintiff attempts to construct out of the circumstances here a fraudulent concealment by the defendants of plaintiffs' cause of action. Such would toll the statutes of limitation under the exceptions noted in the cases and under Connecticut General Statutes 1949 Revision, Sec. 8335. This argument is again based on defendants' knowledge of the danger and their failure to warn users.
 [3] The elements which must be shown to establish such concealment are described in 54 C.J.S., Limitations of Actions, 224 and in a note in 43 Harvard Law Review 471. The plaintiff must be ignorant of the existence of a right of action; the defendant must intend that the plaintiff be kept in ignorance; and in the absence of a fiduciary relationship the CT Page 3226 defendant must be guilty of some affirmative act of concealment, it being universally agreed that silence is not enough.
 [4] The requirement is that "the defendants' conduct or representations were direct to the very point of obtaining the delay of which he, afterwards seeks to take advantage by pleading the statute." Lippitt v. Ashley, 89 Conn. 451, 480, 94 A. 995, 1005.
Id., at 693.
Insofar as the Zimmer case stands for any unique proposition in the area of fraudulent concealment, that proposition is that fraudulent concealment will not be applied absent specific affirmative acts aimed at concealment by the defendant. In this case, given the allegations of the defendants' unseemly departure under the cover of an assumed automotive identity, leaving the defendant sprawled on the road, scrawling the phony license number in the dirt, that standard has been met, though the defendants may prove such exculpatory facts as they can.
But as for the proposition that total ignorance of the existence of the tort must be pleaded to invoke the statute, this court concludes that Zimmer stands for no such rule. Indeed, the Harvard Law Review Note cited in Zimmer says quite the opposite:
 On the plaintiff's side, ignorance of the existence of a right of action is necessary. Such ignorance will be established if he is unaware of the existence of any one factor essential to the right of action. That the identity of the wrong doer is such a factor is well illustrated by the facts of a recent case. But ignorance of evidential facts must be distinguished from ignorance of the existence of a right of action; the former is important only insofar as it affects the latter.
Note, Fraudulent Concealment of a Right of Action, 43 Harvard Law Review 471, 473.4 (1929) (footnotes omitted).
The "recent" case cited above is Brookshire v. Burkhart, 283 p. 571 (Okla. 1929). In that case the identity of the proper defendants to a wrongful death was deliberately concealed, though the explosion which killed the decedent was presumably obvious to all. Nonetheless the concealment of the CT Page 3227 identity of the tortfeasors was held sufficient to toll the statute of limitations purely as a matter of equity. Id. at 573-575. Here in Connecticut where explicit statutory authority exists, the application of the same principles need admit no impediment.
The burden of proving fraudulent concealment is on the plaintiffs; it must be proven by "clear, precise and unequivocal" evidence. Beckenstein v. Potter Carrier, Inc.,191 Conn. 150, 163 (1983). But at the present stage of the litigation, the burden of the plaintiff in the current motion is to place before the court a genuine issue as to a material fact. The issue of concealment of identity and fraud as they relate to the survival of the plaintiff's cause of action are certainly material, and the allegations of the plaintiff have met that burden. The Connecticut Supreme Court has held that the plaintiffs in this situation must do the following:
 To establish that the defendants had fraudulently concealed the existence of their cause of action and so had tolled the statute of limitations, the plaintiffs had the burden of proving that the defendants were aware of the facts necessary to establish this cause of action; Puro v. Henry, 188 Conn. 301, 311, 449 A.2d 176 (1982); and that they had intentionally concealed those facts from the plaintiffs.
Bound Brook Assn. v. Norwalk, 198 Conn. 660, 665 (1986) (footnote omitted).
The Court therein expressly declined to rule on whether affirmative acts of concealment are required. Id. at 665, n. 10. See also, Fichera v. Mine Hill Corp., 207 Conn. 204, 215
(1988). But the limitation urged by the defendants in the case at hand on the doctrine is not found in the Connecticut case law. The Supreme Court has held merely that the trier of fact should be allowed to decide whether the defendant was deliberately concealing essential evidence of his tortious acts; circumstantial evidence may suffice. Puro v. Henry, 188 Conn. 301,310 (1982). Given the statute as it is written and interpreted by the state courts, and given the facts alleged, the motion for summary judgment is hereby denied.
KATZ, Judge