[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action to collect on a promissory note turns on the question of whether the payee of the note was a holder in due course under Section 42a-3-302 of the General Statutes. In their objection to the report of the attorney trial referee (hereinafter "referee") the defendants argue in the negative. The referee so determined. The court adds its agreement.
The referee found that the addition of the sum of $620.12 to the instrument to cover the cost of creditor life insurance without the knowledge or consent of William Waters and Patricia Waters constituted a material alteration of the note under Section 42a-3-407. Since however, the plaintiff was not a holder in due course, CT Page 1360 it became necessary for the referee to determine the capacity in which these defendants executed the instrument. The referee has found and the defendant does not challenge the conclusion that they signed as accommodation makers. Instead, the defendants assert that the requirement of "good faith" should have been imposed upon the plaintiff in the execution of the instrument. Section 42a-3-302
(1)(b) makes acquisition of an instrument in "good faith" indispensable to a holder's status as a holder in due course. Even though the referee found "good faith" on the part of the holder no such finding was actually necessary.
Notwithstanding this finding the referee found that the material alteration was not fraudulent so as to work a discharge of the accommodation parties. Indeed, the defendants do not claim to have offered any evidence of fraud to say nothing of meeting the requirement that the fraud be proved by clear, precise and unequivocal evidence. Boundbrook Associates v. Norwalk 198 Conn. 660,666. No other alteration would discharge the defendants and thus the instrument may be enforced according to its original tenor, or as to an incomplete instrument, according to the authority given. Section 42a-3-407 (2)(b).
The other objections assigned by the defendants either have no merit or as in the case of the alleged failure to disclose, the court is unable to determine the issue because there is no evidence in the record before the court to support this claim. The objection is sustained, the report of the attorney trial referee is approved and judgment may enter in accordance therewith.