[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO SET ASIDE VERDICT
The plaintiff Domenica Lawson moves to set aside this jury verdict rendered for the defendant.
The plaintiff was a passenger in a car which was struck from behind by an automobile operated by Michael Wise, formerly a defendant in this case. The plaintiff presented evidence at trial tending to show that the remaining defendant Alan Rappelt hit the Wise car, shoving it into the plaintiff's car. At trial Mr. Rappelt admitted that he was inattentive to traffic and that he did hit the rear of the Wise car, pushing it forward. He denied any knowledge of whether his car had actually caused the Wise car to be shoved into contract with the Lawson car.
The plaintiff at trial testified that she recalled a single impact and that she was thrown about the inside of the car with enough force to cause her permanent and painful injuries. Evidence was received of a doctor's records which reported Ms. Lawson saying to her doctor or his assistant, in giving her history and the etiology of her injury that her car was struck not once but twice, the first time by the Wise car at which time she was thrown forward hitting her face and shoulder and then bouncing backward, and, on the second impact, caused by the Rappelt car, bracing herself against the dashboard with her hands, preventing further injury.
Were the issue merely one of the defendant's negligence, the jury verdict would have to be set aside, as the court would conclude that the jury could not reasonably and legally have reached such a conclusion. See, e.g., Bound Brook Association CT Page 11320 v. Norwalk, 198 Conn. 660, 667 (1986).
However, for the jury to have rendered a plaintiff's verdict, they must also have concluded that the plaintiff carried her burden of proving that the negligence was the proximate cause of the plaintiff's injuries. The jury may have concluded that the plaintiff did not meet her burden in this regard. Because the court must evaluate the evidence in a light most favorable to sustaining the jury's verdict, Wochek v. Foley, 193 Conn. 582, 587 (1984), and because of the evidence concerning the Wise vehicle, the court cannot set aside the verdict.
The Motion to Set Aside is denied and judgment shall enter in accordance with the verdict.
PATTY JENKINS PITTMAN JUDGE, SUPERIOR COURT