[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS (#101)
I. FACTS
On February 9, 1994, the plaintiff, L. Suzio Asphalt Co., Inc. [Suzio], filed a one count complaint against the defendant, CT Page 9998 the Connecticut Indemnity Co. [Connecticut Indemnity], in which the following is alleged: On or about December 9, 1992, Appleby 
Cutone, Inc. [Appleby], a general contractor, entered into a contract with the town of Cromwell for the construction of a drainage improvement project. In accordance with General Statutes § 49-41, Appleby furnished a labor and materials payment bond [bond], in the amount of $236,457, which was executed by Connecticut Indemnity as surety. Suzio furnished materials to Appleby from on or about May 19, 1992, through April 13, 1993, for which there remains an unpaid balance of $19,562.06, despite Suzio's demand. On or about October 12, 1993, Suzio sent notice of its claim against the bond by certified mail to Appleby, Connecticut Indemnity, and the town of Cromwell.
On April 5, 1994, Connecticut Indemnity filed a motion to dismiss this action for lack of subject matter jurisdiction along with a supporting memorandum of law. Suzio filed a memorandum of law in opposition to the motion to dismiss along with several exhibits, including the affidavit of Leonardo H. Suzio, Vice President of Suzio. Both parties have filed supplemental memoranda of law as well.
II. DISCUSSION
General Statutes § 49-42 states that in order to make a claim on a bond, the plaintiff must serve notice of its claim within 180 days "after the date in which he . . . furnished the last of the material for which the claim is made on the surety that issued the bond. . . ." In the present case, Suzio, as reflected in its complaint, did not serve notice of its claim to the town, Appleby, or Connecticut Indemnity until 182 days after it last furnished materials covered by the bond.
In support of its motion to dismiss, Connecticut Indemnity asserts that Suzio's failure to comply with the notice requirements of § 49-42 renders this court without subject matter jurisdiction to entertain the present action. In opposition, Suzio asserts that a failure to comply with the notice requirements of § 49-42 does not give rise to a jurisdictional claim, but rather is a defense that must be specially pleaded. Suzio further asserts that Connecticut Indemnity should be estopped from raising the notice issue because Appleby, in whose shoes Connecticut Indemnity stands as surety, fraudulently concealed information that was needed by Suzio in order to effectuate proper notice under § 49-42. CT Page 9999
This court finds that compliance with the notice requirements set forth in § 49-42 is a mandatory prerequisite to the maintenance of a suit on a bond. See Nor'easter Group, Inc. v.Colossale Concrete, Inc., 207 Conn. 468, 479-80 n. 12,542 A.2d 692 (1988); Okee Industries, Inc. v. National Grange MutualInsurance Co., 6 Conn. L. Rptr. 380 (May 11, 1991, Corrigan, J.), rev'd on other grounds, 225 Conn. 367, 623 A.2d 483 (1994); LewinSupply Co., Inc. v. R.E. Petersen, Inc., Superior Court, Judicial District of Fairfield at Bridgeport, Docket no. 29 09 21 (March 5, 1992, Katz, J.).
To establish fraudulent concealment, Suzio has the burden of proving that Appleby was "aware of the facts necessary to establish this cause of action . . . and that [Appleby] had intentionally concealed those facts from [Suzio]." Bound BrookAssn. v. Norwalk, 198 Conn. 660, 665, 504 A.2d 1047, cert. denied, 479 U.S. 819, 107 S.Ct. 81, 93 L.Ed.2d 36 (1986). This court finds that the affidavit of Leonardo Suzio establishes that Suzio could not determine the destination for the materials provided by Suzio, but does not establish that Appleby engaged in any intentional concealment of those facts.
Accordingly, this court finds that neither Connecticut Indemnity nor Appleby engaged in fraudulent concealment which would act to estop Connecticut Indemnity from raising the Suzio's failure to comply with the notice requirements of § 49-42 as a ground for its motion to dismiss.
III. CONCLUSION
For the reasons herein stated, this court concludes that the motion to dismiss ought to be, and is, hereby granted.
It is so ordered.
ARENA, J.