[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This three count complaint was returned to court on April 4, 1995. The plaintiff is seeking money damages against the defendant partnership and the individual partners alleging in count one breach of a written agreement; count two, misrepresentations of the defendants designed to induce the plaintiff to enter said agreement; count three, unjust enrichment.
The defendants' answer admitted the existence of the partnership but denied it breached any agreement with the plaintiff corporation. Defendants denied misrepresenting any facts to plaintiff but admitted that some business relationship existed between the parties but denied the defendants have been CT Page 8428 unjustly enriched thereby.
The defendants' special defense alleges that the signature of defendant Frank Maglio was a forgery and claimed "setoffs in excess of $40,000" for proceeds that the plaintiff owes the defendants.
Plaintiff's reply denied this special defense.
The defendants also filed a four count counterclaim. In the first count the defendants claimed that the relationship between the parties was based on an oral agreement of partnership which plaintiff breached to their detriment. This count described plaintiff as a sole proprietorship operated by John DelNero. The second count repeats all the allegations of the first count against Encore Limousine Limited described as a corporation/dba run by John DelNero in his capacity as agent, owner or principal. Paragraph 6 of the second count alleges that the partnership agreement was breached in that John DelNero acting on behalf of the corporation and as its agent did various inappropriate things in violation of the terms of the oral partnership to the detriment of the defendants. Count three again describes Encore Limousine Limited also known as Encore Enterprises Limited as a sole proprietorship whose owner is John DelNero. This count is predicated upon the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a, et seq., resulting from various breaches of the oral partnership agreement by John DelNero, one of which is the charge that John DelNero forged the signature of Frank Maglio to an agreement dated January 16, 1993, which agreement included a number of additional charges not agreed to by the parties. Count four charges John DelNero with deliberate fraud which caused the defendants, plaintiffs on the counterclaim, monetary damages.
The defendants claim they are also entitled to interest, attorney's fees, double damages and punitive damages pursuant to General Statutes § 42-110g(a).
The plaintiff's answer denied all the material allegations of the defendants' counterclaim.
After reviewing the evidence offered at trial and the memoranda submitted by the parties, the court finds as follows:
Both parties agreed to enter into a business relationship on CT Page 8429 or about November 1, 1992. This relationship commenced operations on or about January 1, 1993 and terminated because of the dissatisfaction of both parties in October 1993. The agreement permitted Admiral's limousines to operate under Encore's plates and livery license. In consideration of this privilege, Admiral agreed to pay Encore 20 percent of the month gross derived from the rental of Admiral's four and sometimes five vehicles. This agreement was memorialized in writing and executed by Frank Maglio, a partner in Admiral Associates, and Encore Enterprises Ltd., doing business as Encore Limousine, by John DelNero. (Plaintiff's Exhibit 1). The agreement was binding on Admiral Associates, a partnership, and Encore Enterprises, Ltd., doing business as Encore Limousine. John DelNero signed the agreement in his corporate capacity as president and is not personally liable.
The defendants charge that John DelNero perpetuated a fraud upon them by forging Frank Maglio's name to plaintiff's exhibit one, the contract. Fraud is not proven by the usual civil standard, the fair preponderance of the evidence. "Fraud must be strictly proven by clear, precise and unequivocal evidence."Bound Brook Association v. Norwalk, 198 Conn. 660, 666. The court is not bound by the testimony of an expert but must weigh such testimony and evaluate it. The testimony of Maglio and the DelNero brother and sister was conflicting. Weighing all the evidence, the court concludes that the defendants have not proven that DelNero committed a forgery or fraudulently withheld substantial sums of money that rightly belonged to defendants. The court also concludes that the evidence does not support a finding that defendants misrepresented facts to induce plaintiff to enter the contract.
The plaintiff supported his testimony with extensive documentation; the testimony and documentation enable the court to find that plaintiff is entitled to a verdict. Defendants' claim that DelNero mixed or attempted to mix expenses attributable to Encore and charged them against Admiral is, however, entitled to some weight. Defendants have failed to prove any loss to them resulting from DelNero's failure to file monthly accountings on a regular basis. When the parties had a falling out, DelNero retained possession of an Admiral vehicle for some period of time supporting to some extent defendants' claim for an offset. Defendant also charges DelNero with converting a television set from one of their vehicles when the arrangement collapsed. Defendant offered however no precise evidence of the CT Page 8430 value.
Both parties generally adhered to the terms of the written contract. They terminated their arrangement in October 1993 because Admiral was not making any money and Encore was in fact losing money steadily because Admiral's income fell short of the operating expenses of the vehicles owned by Admiral and operated under Encore's livery license. These expenses were both direct and indirect, the indirect expenses involved insurance, rent and loans made by Encore to cover the finance charges of Admiral's vehicles. Since the contract is not clear as to what utilities were to be charged to Admiral, the court is excluding Phone/Yellow Page Advertising, Electric and Gas charges from its calculations.
Reviewing the evidence, the court cannot find that the plaintiff's conduct during the term of this business venture was immoral, unethical, oppressive or unscrupulous or such that it caused substantial injury to consumers. This finding when considered with the court's finding that defendants failed to prove fraud or forgery on the part of DelNero requires the court to find for the plaintiff on defendants' counterclaim predicated on CUTPA.
This review leads the court to the conclusion that neither party breached the written contract. Nevertheless, plaintiff expected to be reimbursed for all legitimate expenses and advances incurred in the business arrangement, and defendants knew that when they entered the contract. Accordingly, it would be unjust to permit the defendants to be enriched at plaintiff's expense.
The gross of the Admiral Maglio vehicles was $46,653. Direct expenses for gas, maintenance, drivers' fees, etc., was $15,336.96. Indirect expenses included: taxes, $1,805; loans advanced, $7,937.51; insurance, $13,073.68; rent and storage, $5,250; commissions, $9,330.60.
This yields unreimbursed expenses of plaintiff in the amount of $6,080.75. Judgment may enter for the defendants on counts one and two of the plaintiff's complaint. Judgment may enter for the plaintiff on the third count of its complaint in the amount of $6,080.75 plus interest from April 4, 1993, plus costs.
Dorsey, J. Judge Trial Referee CT Page 8431