[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONRE: STATUTE OF LIMITATIONS
Defendants Bridgeport Roman Catholic Diocesan Corporation, Bishop Walter Curtis, Bishop Edward Egan, Monsignor Gregory Smith, Father Raymond Pcolka, and Father Martin Federici move for the entry of summary judgment with respect to the claims brought by seven plaintiffs who seek compensation for harm allegedly suffered from having been sexually abused, sexually assaulted, or sexually exploited. The plaintiffs claim that they were sexually abused, assaulted or exploited by Monsignor Gregory Smith, Father Raymond Pcolka, Father Martin Federici, and Father Joseph Gorecki.[1] The plaintiffs claim that the Diocese, Bishop Curtis and Bishop Egan are legally responsible for the sexual misconduct under the theories of negligent supervision, vicarious liability, and Civil conspiracy. All the defendants contend the claims of these seven plaintiffs are barred by the statute of limitations, General Statutes § 52-577d. For the reasons stated below, the motions for summary judgment are granted.
Practice Book § 384 provides that "summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "The test is whether a party would be entitled to a directed verdict on the same facts." (Citations and internal quotations omitted.) Bank of Boston v. Scott Real Estate, Inc.,40 Conn. App. 616, 620 (1996). Summary judgment is appropriate where the suit is barred by the statute of limitations. Daily v. NewBritain Machine Co., 200 Conn. 562, 566-70, 512 A.2d 893 (1986).
The applicable statute of limitations is General Statutes §52-577d, which provides: "Notwithstanding the provisions of section 52-577, no action to recover damages for personal injury to a minor, including emotional distress, caused by sexual abuse, sexual exploitation or sexual assault may be brought by such person later than seventeen years from the date such person attains the age of majority." The seventeen year period does not relate back to the time of discovery of an injury or to the accrual of a cause of action. Rather, it relates back to the time the plaintiff attained the age of majority. An action to recover damages caused by sexual abuse, exploitation or assault inflicted on a minor must be brought prior to the victim reaching his or her thirty-fifth birthday. While many statutes of limitations, such as those concerning contracts, see Gen. Stat. § 52-576, start to run from the time when the cause of action accrues, Section 52-577d
is not an accrual statute. The limitation period is measured CT Page 8350 from a specific event, the attainment of the age of majority. This statute, as well as § 52-577, is a statute of repose. SeeDaily v. New Britain Machine Co., supra at 583 (construing § 52-577a). It is possible under a statute of repose to bar a cause of action even before the cause of action accrues. See, e.g., Daily v. New BritainMachine Co., supra at 583; Vilcinskas v.Sears, Roebuck Co., 144 Conn. 170, 127 A.2d 814 (1956); Protterv. Brown Thompson Co., 25 Conn. App. 360, 593 A.2d 524 (1991).
Each of the seven plaintiffs concedes that he or she was over the age of thirty-five when he or she brought suit against the defendants. Thus, they brought their legal actions beyond the statutory limitation period. Their actions are time-barred unless saved by some rule of law.
The plaintiffs claim that the time bar is removed by reason of the defendants' having engaged in fraudulent conduct. They rely on "Connecticut General Statutes § 52-595 as well as the common law doctrine of fraudulent concealment."[2] In their briefs, the plaintiffs do not distinguish between statutory and common law concealment. Section 52-595 provides as follows: "If any person, liable to an action by another, fraudulently conceals from him the existence of the cause of such action, such cause of action shall be deemed to accrue against such person so liable therefor at the time when the person entitled to sue thereon first discovers its existence." Our Supreme Court has held "the exception contained in section 52-595 constitutes a clear and unambiguous general exception to any statute of limitations that does not specifically preclude its application." Connell v. Colwell, 214 Conn. 242, 246
n. 4, 571 A.2d 116 (1990). Because § 52-577d does not specifically preclude the application of § 52-595, the latter statute applies.
"There can be no concealment which will prevent the running of the statute of limitations where the cause of action is known to the plaintiff or there is a presumption of such knowledge."Limitation of Actions, 51 Am.Jur.2d § 148, at p. 720. Each plaintiff was always aware of the factual basis of the cause of action he or she filed against defendants Smith, Pcolka or Federici. Each plaintiff became aware of the facts at the time of the occurrence, which is the time the cause of action accrued. While a minor may, understandably, be reluctant to discuss and report such an incident at the time of occurrence, the legislature took this factor into consideration when it extended the statute of limitations to seventeen years after the victim CT Page 8351 attains the age of majority. "[T]he courts cannot nullify the statute in every case in which they think it is inequitable to apply it . . . ." Lippitt v. Ashley, 89 Conn. 451, 94 A. 995
(1915). Because the plaintiffs became aware of the facts that form the basis of the causes of action against defendants Smith, Pcolka and Federici at the time of the alleged occurrences, these claims can not be saved by the fraudulent concealment statute.
With respect to the causes of action against the Diocese, Bishop Curtis and Bishop Egan, the plaintiffs claim they were ignorant of these claims because they "never knew that these defendants fraudently concealed the fact that priests, within their control sexually abused children and yet did nothing to prevent, investigate or warn parishioners about the misconduct and even lied to the public [about] these incidents."[3] The defendants deny these factual claims. The plaintiffs, however, have submitted documentary evidence that shows there is a genuine dispute as to when the plaintiffs became aware of the basis for these claims. They could have acquired their knowledge at the same time as they obtained knowledge of their claims against defendants Smith, Pcolka, or Federici, or they could have acquired their knowledge at a later time. Because there is a question as to when the plaintiffs acquired knowledge of their claims against the Diocese, Bishop Curtis, and Bishop Egan, this court will analyze the plaintiffs' contention that the Diocese, Bishop Curtis, and Bishop Egan fraudulently concealed causes of action of which the plaintiffs were ignorant.
In order to prove fraudulent concealment, and therefore the applicability of § 52-595, the plaintiffs must demonstrate: "(1) a defendant's actual awareness, rather that imputed knowledge, of the facts necessary to establish the plaintiffs' cause of action; (2) that defendant's intentional concealment of these facts from the plaintiffs; and (3) that defendant's concealment of the facts for the purpose of obtaining delay on the plaintiffs' part in filing the complaint on their cause of action." [Internal citations omitted.] Bartone v. Robert L. Day Co., Inc.,232 Conn. 527, 533, 656 A.2d 221 (1995). "The defendants' actions must have been `directed to the very point of obtaining the delay [in filing the action of which [they] afterward [seek] to take advantage by pleading the statute.'" [Internal citations omitted] Bound BrookAssociation v. Norwalk, 198 Conn. 660, 665, 504 A.2d 1047 (1986). Moreover, the plaintiffs must "prove fraudulent concealment by the more exacting standard of `clear, precise, and unequivocal' evidence." [Internal quotations omitted.] Id. at 666. CT Page 8352
The first element the plaintiffs must prove is the defendants' actual awareness of the facts necessary to establish the plaintiffs' causes of action. With the exception of plaintiffs Margaret Fry and John P. Medgansis, there has been no evidence presented that shows that the Diocese, Bishop Curtis or Bishop Egan was aware, until these lawsuits were about to be filed in Court, that the plaintiffs claimed they had been sexually abused, assaulted or exploited by a priest. In the absence of such knowledge, the defendants could not have been aware of the facts necessary to establish the plaintiffs' causes of action, which is the first element of a fraudulent concealment claim. Since plaintiffs Ken Koscelek, Paul Thornfeldt, Paul Pastor, Arthur C. Luf, and Michael Baluha have failed to present any evidence to establish the first element of fraudulent concealment, their claims can not be saved by § 52-595.
The documentary evidence submitted by plaintiff Margaret Fry is different than the evidence submitted by the other plaintiffs. Plaintiff Margaret Fry states in her affidavit that "once I was an adult with children of my own, I went to Monsignor Genuario of the Diocese of Bridgeport in order to tell him that I had been sexually abused by Monsignor Smitb when I was a child." This statement shows the Diocese obtained knowledge of Plaintiff Margaret Fry's claim. There is no evidence, however, that this statement was made before the plaintiff had attained the age of thirty-five. She was forty-one when she filed her lawsuit. If the Diocese's knowledge of Plaintiff Margaret Fry's claim was obtained after she attained the age of thirty-five, § 52-595 would not apply. The burden is on the plaintiff to show that § 52-595
applies. Because the plaintiff has not offered any evidence to show when the statement was made to Monsignor Genuario, the motions for summary judgment as to her claims must be granted. If the statement was made before plaintiff Margaret Fry attained the age of thirty-five, she may file a timely motion to reconsider together with relevant documentary evidence.
Plaintiff John P. Medgansis states that in the late 1960's or early 1970's he told his father that he had been sexually abused by Father Martin Federici and that his father thereafter spoke to a priest at St. Ambrose Parish in Bridgeport. Presumably, the information about Father Federici's misconduct was given to the other priest. In plaintiff Medgansis' legal brief, he states that "the Diocese may not have known specifically about the plaintiff's cause of action." Nevertheless, if it is assumed that information CT Page 8353 about Father Federici was relayed to officials of the Diocese, which the defendants deny, the issue arises whether silence on the part of the Diocese, for whatever reason, is sufficient to satisfy the second and third elements of a fraudulent concealment claim. The plaintiff argues that the Diocese's ignorance of the plaintiff's cause of action arose from the Diocese's failure to investigate and report to parishioners complaints of sexual abuse. Plaintiff Medgansis further argues that, had he known of other complaints of sexual abuse, he would have been able to sue the Diocese, Bishop Curtis, and Bishop Egan at an earlier time. This court, after having reviewed the documentary evidence submitted by the parties, concludes that silence by the defendants, in the absence of affirmative acts done with an intent to obtain delay in the filing of plaintiff Medgansis' lawsuit, is not sufficient to remove the time bar of the statute of limitations.
For the foregoing reasons, the motions for summary judgment are granted.[4]
THIM, J.