[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT OF FALLS CHURCH GROUP, LTD
Of the 127 counts in the amended complaint in the above-captioned action, twenty are directed to a management company, Falls Church Group, Ltd. ("Falls Church"), which is alleged to be the successor to an entity known as Retirement Centers of America, Inc. ("RCAI"). RCAI is alleged to have marketed and otherwise managed the continuing care facility known as East Hill Woods from its inception until January 18, 1991. Those counts are Counts 1, 2, 13, 14, 25, 26, 27, 46, 52, 58, 64, 65, 66, 85, 86, 96, 102, 103, 113, and 119. In a prior order, this court granted this defendant's motion to strike Counts 13, 14, 52, 85, 86, 102, 103, and 119. Falls Church has moved for summary judgment on the remaining eleven counts on the ground that the statute of limitations applicable to each of these claims expired before the plaintiffs brought suit.
Though the counts against Falls Church include allegations made on behalf of all plaintiffs described in the 161 paragraphs of the amended complaint, the plaintiffs have asserted that the claims in the eleven remaining counts against Falls Church are made only by those plaintiffs listed on Exhibits 1 and 2 attached to the complaint. Those attachments include 58 names, apparently selected because the continuing care contracts of these plaintiffs were entered into before the date that RCAI and East Hill Woods entered into an agreement terminating their relationship. Falls Church has attached to its motion a list of 53 names, with no explanation of the discrepancy. The following ruling applies to the claims of all plaintiffs who have made claims against Falls Church.
Standard of review
It is well settled that a party seeking summary judgment has the burden of showing what the undisputed material facts are and that the facts entitle the movant to judgment as a matter of law. Practice Book § 17-49; Doty v. Mucci, 238 Conn. 800, 805-806
(1996); Miller v. United Technologies Corp. , 233 Conn. 732,751-52 (1995); Suarez v. Dickmont Plastics Corp. , 229 Conn. 99, 105
(1994); D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434
(1980). This issue is whether a party would be entitled to a directed verdict on the same facts. Connell v. Colwell,214 Conn. 242, 246-47 (1990). CT Page 295
In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Doty v. Mucci, supra, 238 Conn. 805.
Various kinds of legal bars to the maintenance of claims may be raised through a motion for summary judgment. See, e.g.,Builders v. Miller, 215 Conn. 316 (1990);Nolan v. Borkowski, 206 Conn. 495, 500 (1988);Mingachos v. CBS, Inc., 196 Conn. 91 (1985).
The material facts relevant to the defense that the plaintiffs' claims are barred by the applicable statutes of limitation are the date of commencement of the action and the date of the acts of the movant that are claimed to give rise to liability, plus facts relevant to any claim of tolling. SeeConnell v. Colwell, supra, 214 Conn. 246.
Counts One and Two
In these Counts, the plaintiffs allege that Falls Church is liable for violations of Conn. Gen. Stat. § 17b-529(a). That statute imposes liability on any person who "as, or on behalf of a provider enters into a contract for continuing care at a facility without having first delivered a disclosure statement" that meets statutory requirements and is not misleading as to material facts. Section 17b-529(a) further provides: "[a]n action to enforce liability pursuant to this section shall not be maintained unless brought within six years after the execution of the contract for continuing care giving rise to the liability."
The plaintiffs commenced their suit on January 7, 1998. This court finds that there is no genuine dispute as to the material fact that RCAI was not engaged in entering into continuing care contracts at any time after January 18, 1991. The plain language of § 17b-529(a) defeats the plaintiffs' attempts to extend the limitation period by characterizing RCAI as a fiduciary. The statute contains no different limitation period for fiduciaries, and the basis for so characterizing this party is circular: the plaintiffs claim that the management company was a fiduciary because it acted on behalf of a provider in transactions with them. The plaintiffs have not, however, pleaded facts indicating that RCAI had a duty to represent the interests of the plaintiffs, as required by the Supreme Court in KonoverDevelopment Corp. v. Zeller, 228 Conn. 206, 218 (1996). CT Page 296
The motion is granted as to Counts 1 and 2.
Counts 25 to 27, 58 and 64 to 66
The plaintiffs allege in these counts that Falls Church's predecessor was negligent and misrepresented facts concerning East Hill Woods. The movant claims that these counts are barred by the three-year statute of limitation applicable to such claims. Conn. Gen. Stat. § 52-577. That statute provides: "[n]o action founded upon a tort shall be brought but within three years from the date of the act or omission complained of." The undisputed facts indicate that RCAI had no role in managing East Hill Woods after January 18, 1991, and no contact with the plaintiffs. At the latest, the statute of limitation as to any misrepresentation made before that date expired on January 18, 1994.
The plaintiffs allege in a conclusory way that the statute of limitation should be tolled because of fraudulent concealment, not by this defendant, but by other entities. The purpose of tolling doctrines such as the doctrine of fraudulent concealment is to prevent a party from profiting from its own misconduct. SeeBound Brook Assoc. v. Norwalk, 198 Conn. 660, 665 (1986). While the plaintiffs have alleged that East Hill Woods and others fraudulently concealed from the plaintiffs the true state of the financial condition and other information about the facility, they make no claim that RCAI engaged in any such conduct. The only relationship they allege existed between RCAI and East Hill Woods after January 18, 1991, is that RCAI was a creditor that was owed money for prior services performed. None of the submissions of the plaintiffs negates the movant's position that it had no involvement in any representations to the plaintiffs at any time after its termination date. It cannot, therefore, be found to have had any role in fraudulently concealing the facts giving rise to a cause of action.
The motion for summary judgment is granted as to these counts.
Count 46
The movant has moved for summary judgment on the plaintiffs' claim that RCAI owed fiduciary duties to the plaintiffs. The facts set forth indicate that this entity was acting on behalf of East Hill Woods in its transactions with the plaintiffs. No allegation and no submission in opposition to the motion for CT Page 297 summary judgment indicates any agreement by RCAI to act, instead, on behalf of the people dealing with East Hill Woods as customers. At most, the plaintiffs assert that they wanted RCAI to act as their fiduciary, or that by relying on statements made by RCAI they imposed a duty on it to safeguard their interests. As this court has explained in connection with the motion to strike claims of fiduciary status made by the individual CRSA defendants, such allegations and such facts do not give rise to a fiduciary duty under the standard set forth in KonoverDevelopment Corp. v. Zeller, supra, and Alaimo v. Roger.188 Conn. 36, 40-41 (1982).
The Supreme Court has recently noted that a fiduciary duty springs not from a simple duty of care, but from a duty of loyalty to the party claiming the fiduciary relationship. BeverlyHills Concepts, Inc. v. Schatz Schatz, Ribicoff Kotkin,247 Conn. 48, 57 (1998). Neither the allegations nor the materials submitted even remotely creates a factual dispute as to a fiduciary relationship or a fiduciary duty owed or representations that a duty would be performed by RCIA on behalf of the plaintiffs rather than on behalf of the party with whom they contracted. Unlike the cases cited by the plaintiffs in which the status of a defendant claimed to be a fiduciary was ambiguous, the role of RCAI was clear: to represent East Hill Woods in transactions with customers.
The motion is granted as to this count.
Count 96
The plaintiffs allege in this count that RCAI aided and abetted East Hill Woods in a breach of a fiduciary duty. Any aid given was given before January 18, 1991, and the statute of limitation on the tort alleged would therefore have run by January 18, 1994. The plaintiffs assert that if the statute of limitation is tolled with regard to a breach of duty by East Hill Woods, it is also tolled for a claim of aiding and abetting a breach of fiduciary duty. As for the negligence claims discussed above, such a tolling argument suggests that RCAI must be held equitably accountable not for any fraudulent concealment of its own, but for the acts of East Hill Woods and others after January 18, 1991. It is undisputed that RCAI had no dealings of any kind with any of the plaintiffs after the termination of its contract to market and manage the project. Its right to be protected from stale claims is not to be overcome because of actions in which it CT Page 298 did not engage. The plaintiffs have offered no case citation supporting their theory of imputed misconduct for purposes of tolling the statute of limitation, and this court finds it unjust and illogical under the circumstances alleged.
The motion is granted as to Count 96.
Conclusion
The motion for summary judgment of Falls Church Group, Inc. is granted as to all the counts of the complaint not previously stricken. No counts remain pending against this defendant.
Beverly J. Hodgson 1/12/99 Judge of the Superior Court Complex Litigation Docket