[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff filed this lawsuit in May 2000 against the defendants, Patrick O'Regan, M.D., Reda Gawel, RN. and Midstate Medical Center (Midstatc), alleging medical malpractice during and after a cesarean section and hernia repair performed on March 4, 1994. In her three count revised complaint, the plaintiff claims that O'Regan left a surgical sponge in her abdomen when he closed her peritoneal lining after the delivery of her fifth child by cesarian section. Following the delivery, the plaintiff alleges that she suffered abdominal pain, distention and symptoms which differed from those of her four previous cesarean sections, The plaintiff further claims that although her symptoms were brought to the attention of O'Regan, she was never contacted or summoned for diagnostic tests to determine the source of her symptoms. In March 1998, the plaintiff claims after experiencing abdominal symptoms, she underwent an exploratory laparotomy, retrieval of a foreign body identified as an operating room sponge and a segmental small bowel resection.
Count one alleges that Dr. O'Regan failed to properly inspect and remove all surgical sponges in the plaintiff's abdomen following the cesarean section. Count two alleges that Gawel breached an independent duty of care owed to plaintiff by failing to keep track of the number of sponges placed in the plaintiff's abdomen during surgery. Finally, count three alleges that Midstate breached its duty of care to plaintiff by failing to have an adequate procedure and protocol in place for its agents, employees and/or representatives to account for surgical sponges used during surgery
The defendants all move for summary judgment on the grounds that the plaintiff's action is barred by the statute of limitations contained in General Statutes § 52-584[1] and that no genuine issues of material fact exist regarding the plaintiff's claim of fraudulent concealment.[2]
CT Page 15334-ix
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (internal quotation marks omitted.) Community Action for Greater Middlesex County, Inc. v. American Alliance Ins. Co., 254 Conn. 387, 397-98, 757 A, 2d 387 (2000).
The defendants assert that the plaintiff's action is time-barred because it was not commenced within two years from the date of injury as required by § 52-584. In opposition, the plaintiff claims that the statute is tolled because the defendants fraudulently concealed the fact that the plaintiff had a potential cause of action against them. The defendants respond that the plaintiff not only failed affirmatively to plead fraudulent concealment in defense of the statute of limitations but also presented no evidence that supports the allegation that any of the defendants fraudulently concealed the presence of a surgical sponge or even that the sponge in question was left behind at the time of the March 1994 cesarian section.[3]
In arguing that a genuine issue of material fact exists as to her claim of fraudulent concealment, the plaintiff submits Dr. O'Regan's sworn deposition testimony that an x-ray was taken on March 8, 1994, and Dr. Tortora's affidavit as evidence. For the reasons previously discussed in note 2, supra, the defendants' objection to the Tortora affidavit is hereby sustained. Moreover, the court also rejects the plaintiff's assertion that O'Regan's deposition testimony establishes a factual basis for her claim of fraudulent concealment.
"To establish that the defendants had fraudulently concealed the existence of their cause of action and so had tolled the statute of limitations, the plaintiffs had the burden of proving that the defendants were aware of the facts necessary to establish this cause of action . . . and that they had intentionally concealed those facts from the plaintiffs. . . . The defendants' actions must have been directed to the very point of obtaining the delay [in filing the action] of which [they] afterward [seek] to take advantage by pleading the statute. . . . To meet this burden, it was not sufficient for the plaintiffs to prove merely that it was more likely than not that the defendants had concealed the CT Page 15334-iy cause of action. Instead, the plaintiffs had to prove fraudulent concealment by the more exacting standard of clear, precise, and unequivocal evidence. . . ." (Citations omitted; internal quotation marks omitted.) Bound Brook Assn. v. Norwalk, 198 Conn. 660, 665-66,504 A.2d 1047, cert. denied, 479 U.S. 819, 107 S.Ct. 81, 93 L.Ed.2d 36
(1986).
Here, the plaintiff's evidence in opposition is insufficient to establish a factual issue that the defendants fraudulently concealed a sponge left behind in her abdomen by covering up the existence of an x-ray taken on March 8, 1994. Dr. O'Regan testified that he reviewed the x-ray with the radiologist, named Dr. Jack Hennessey, and that it was negative except for a mild ileus. Even assuming that such an x-ray revealed the presence of a sponge, there is no evidence whatsoever that any defendant or agent of a defendant took action to fraudulently conceal the existence or results of the x-ray. Mere speculation and allegations on the part of the plaintiff are insufficient to raise a genuine issue of fact as to this matter. The court notes that there is no x-ray report in the plaintiff's medical record; the x-ray film itself was destroyed after five years, and there is no evidence that the plaintiff sought to locate Dr. Hennessey to elicit his testimony concerning the x-ray in question.
For the foregoing reasons, the court finds defendants have sufficiently met their burden of showing the absence of any material fact in dispute and that they are entitled to judgment as a matter of law on the ground that the plaintiff's claims are barred by the statute of limitations. Accordingly, the defendants' motions for summary judgment are granted.
BY THE COURT
___________________ A. Susan Peck, Judge