[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION FOR SUMMARY JUDGMENT
On June 24, 1998, the plaintiff, Candlewood Village Condominium Association, Inc. (Candlewood), filed a three count complaint against the defendants, Leaska Condominium Corporation, George Leaska and Annemarie Leaska. This action arises out of alleged cracks within the foundation wall and cellar floor of Building Number 6, which contains townhouse style residential units, at Candlewood Village, as well as rapid settlement of that building's foundation and the structures supported by CT Page 8497 the foundation.
On October 25, 1999, and January 31, 2000, the parties appeared before this court for a hearing on the defendants' motion for summary judgment.[1] After several missteps relating to filing requirements, pursuant to an order of the court, the plaintiff filed a third amended complaint dated January 31, 2000. Count one alleges breach of contract and is directed against the corporate defendant, Leaska Condominium Corporation (LCC). Count two alleges breach of fiduciary duty and is directed against the individual defendants, George Leaska and Annemarie Leaska (the Leaskas). Count three alleges breach of warranties under the Common Interest Ownership Act (CIOA), General Statutes §§ 47-274 and 47-275, and is directed against the Leaskas and LCC. On February 3, 2000, the Leaskas filed a motion for summary judgment as to counts two and three on the ground that these counts are barred by the applicable statutes of limitations.
The standards that the court must apply in deciding a motion for summary judgment are well established. "Practice Book § 384 [now § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Miller v. United Technologies Corp., 233 Conn. 732,744-45, 660 A.2d 810 (1995). "A genuine issue has been variously described as a triable, substantial or real issue of fact . . . and has been defined as one which can be maintained by substantial evidence." (Citation omitted; internal quotation marks omitted.) United Oil Co. v.Urban Redevelopment Commission, 158 Conn. 364, 378, 260 A.2d 596 (1969). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573,578, 573 A.2d 699 (1990). "Summary judgment may be granted where the claim is barred by the statute of limitations." Doty v. Mucci,238 Conn. 800, 806, 679 A.2d 945 (1996).
"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.)Rivera v. Double A Transportation, Inc., 248 Conn. 21, 24, 727 A.2d 204
(1999). CT Page 8498
"Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotations marks omitted.) Home Ins. Co. v. AetnaLife Casualty Co., 235 Conn. 185, 202, 663 A.2d 1001 (1995). "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski, 206 Conn. 495, 500, 538 A.2d 1031 (1988).
 I FRAUDULENT CONCEALMENT
Count two alleges that the Leaskas breached the fiduciary duty they owed to the plaintiff while serving on its Executive Board (Board). The Leaskas assert that these claims are time-barred because this action was not commenced within three years from the date that the Leaskas served on the plaintiff's Board. The parties agree that the three year statute of limitations set forth in General Statutes § 52-577[2] applies to count two, but disagree regarding George Leaska's dates of service on the plaintiff's Board.[3] Furthermore, the plaintiff argues that the statute of limitations is tolled with respect to count two because the Leaskas fraudulently concealed the cause of action.
Although the third amended complaint alleges for the first time that George Leaska served on the plaintiff's Board from 1987 until November 30, 1996; (Third Amended Complaint, Count Two, ¶ 9); the plaintiff fails to proffer any admissible evidence to support this allegation. The plaintiff relies on the affidavit of Jeffrey Gurney, the property manager of Candlewood Village since May 1997. (Gurney Affidavit, October 21, 1999, ¶ 2.) Gurney relies on records available to the plaintiff to determine George Leaska's dates of service on the Board, rather than on his personal knowledge. (Gurney Affidavit, October 21, 1999, ¶ 4.) Hence, Gurney's affidavit is premised solely upon hearsay. Thus, the court concludes that the plaintiff has failed to "provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact"; (internal quotation marks omitted) Rivera v. Double ATransportation, Inc., supra, 248 Conn. 24; regarding George Leaska's dates of service on the Board. The statute of limitations, therefore, bars count two unless it is tolled because the Leaskas fraudulently concealed the cause of action.
General Statutes § 52-595 provides that "[i]f any person, liable to an action by another, fraudulently conceals from him the existence of the cause of such action, such cause of action shall be deemed to accrue CT Page 8499 against such person so liable therefor at the time when the person entitled to sue thereon first discovers its existence." In order to establish that the defendants fraudulently concealed the existence of the cause of action and, therefore, tolled the statute of limitations, "the plaintiffs [are] required to show: (1) a defendant's actual awareness, rather than imputed knowledge, of the facts necessary to establish the plaintiffs' cause of action; (2) that defendant's intentional concealment of these facts from the plaintiffs; and (3) that defendant's concealment of the facts for the purpose of obtaining delay on the plaintiffs' part in filing a complaint on their cause of action." Bartone v. Robert L. DayCo., 232 Conn. 527, 533, 656 A.2d 221 (1995); see also Connell v.Colwell, 214 Conn. 242, 250-51, 571 A.2d 116 (1990); Bound Brook Assn.v. Norwalk, 198 Conn. 660, 665-66, 504 A.2d 1047, cert. denied,479 U.S. 819, 107 S.Ct. 81, 93 L.Ed.2d 36 (1986). "To meet this burden . . . the [plaintiff must] prove fraudulent concealment by the more exacting standard of clear, precise, and unequivocal evidence. . . ." (Citations omitted; internal quotation marks omitted.) Bound Brook Assn.v. Norwalk, supra, 198 Conn. 666. "Although summary judgment is ordinarily particularly inappropriate for deciding questions of intent and motive, the Connecticut Supreme Court has decided the issue of fraudulent concealment as a matter of law. See Connell v. Colwell,214 Conn. 242, 251, 571 A.2d 116 (1990)." Lunn v. Cummings Lockwood,
Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 545564 (June 5, 1998, Teller, J.) (plaintiff's fraudulent concealment claim insufficient as a matter of law, thus statute of limitations not tolled, and defendant's motion for summary judgment granted).
The plaintiff submits the affidavits of William J. Montagne, Raymond Therrien and Jeffery Gurney as evidence that the Leaskas fraudulently concealed the cause of action. After carefully reviewing these affidavits, the court concludes that the plaintiff has failed to establish a factual predicate regarding the defendants' alleged fraudulent concealment. Specifically, the plaintiff has failed to establish that the Leaskas' intentionally concealed "the facts for the purpose of obtaining delay on the [plaintiff's] part in filing a complaint on [its] cause of action." Bartone v. Robert L. Day Co., supra,232 Conn. 533. Mere assertions of fact are insufficient to defeat a motion for summary judgment. See Home Ins. Co. v. Aetna Life CasualtyCo., supra, 235 Conn. 202.
Moreover, "[i]n order to raise a claim of fraudulent concealment, the party challenging a statute of limitations defense must affirmatively plead it." Beckenstein v. Potter Carrier, Inc., 191 Conn. 150, 163,464 A.2d 18 (1983); see also Practice Book § 10-57; Willow SpringsCondominium Assn., Inc. v. Seventh BRT Development Corp., 245 Conn. 1, CT Page 8500 33, 717 A.2d 77 (1998). In Beckenstein, the plaintiffs filed a reply that contained a general denial which the court held was insufficient. SeeBeckenstein v. Potter Carrier, Inc., supra, 191 Conn. 163. Likewise, in the present case, the plaintiff filed a reply that contained a general denial rather than affirmatively pleading its claim of fraudulent concealment. The court concludes that the plaintiff failed to affirmatively plead fraudulent concealment or establish a factual predicate regarding the defendants' alleged fraudulent concealment, and therefore, § 52-595 will not toll the statute of limitations. Accordingly, the court grants the defendants' motion for summary judgment with respect to count two. See Doty v. Mucci, supra, 238 Conn. 806.
 II CIOA
Count three alleges a breach of express and implied warranties under the CIOA. The parties agree that the three year statute of limitations set forth in General Statutes § 47-277[4] applies to count three. The Leaskas move for summary judgment on the ground that count three is barred by this three year statute of limitations since the original complaint was not filed until June 24, 1998. The plaintiff counters that the statute of limitations is tolled with respect to count three because the foundation and sub-surface drainage system that are the subject of this count are common elements and the cause of action as to common elements accrues when the common element is completed and first used by a bona fide purchaser pursuant to General Statutes § 47-277 (b)(2). The plaintiff contends that Annemarie Leaska is a dealer rather than a bona fide purchaser under § 47-277 (b)(2). Categorizing Annemarie Leaska as a dealer does not persuade the court that the statute of limitations is tolled.
Section 47-277 (b) provides in relevant part that "a cause of action for breach of warranty of quality, regardless of the purchaser's or association's lack of knowledge of the breach, accrues: . . . as to each common element, at the time the common element is completed and first used by a bona fide purchaser." The third amended complaint alleges that "Building Number 6 within the condominium was completed on or about September 1987, and was first used by a bona fide purchaser on or about October 1987." (Third Amended Complaint, Count Three, ¶ 6.) Thus, pursuant to § 47-277 (b). by the plaintiff's own admission, the cause of action for a breach of warranty of quality as to the common elements of Building Number 6 accrued on or about October 1987, at the time it was completed and first used by a bona fide purchaser. (See Third Amended Complaint, Count Three, ¶ 6.) Thus, it is immaterial whether Annemarie Leaska is a dealer and this fact will not toll the statute of CT Page 8501 limitations. The plaintiff, therefore, had three years from October 1987 to bring this cause of action under § 47-277 (a) and the plaintiff failed to timely file its complaint.
The plaintiff further argues that "the warranty claim against the Declarant is also enforceable against the shareholders of the corporate Declarant due to the operation of [General Statute §] 33-887 (d) (2)." (Memorandum of Law in Support of Plaintiff's Objection to Defendant's Motion For Summary Judgement.) Section 33-887 (d)(2) provides: "A claim may be enforced under this section . . . if the assets have been distributed in liquidation, against a shareholder of the dissolved corporation to the extent of his pro rata share of the claim or the corporate assets distributed to him in liquidation, whichever is less, but a shareholder's total liability for all claims under this section may not exceed the total amount of assets distributed to him." The plaintiff misinterprets this section as providing claimants of dissolved corporations three years to assert a claim against shareholders if the assets have been distributed to the shareholders. The court finds this argument unpersuasive especially in light of the fact that §33-887 (e) provides: "Nothing in this section shall extend any applicable period of limitations." Thus, the court concludes that count three is barred by the statute of limitations set forth in § 47-277. Accordingly, the court grants the Leaska's motion for summary judgment regarding count three.
Peck, J.